584 A.2d 953

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James Ernest ODUM, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1990.

Filed Nov. 2, 1990.

Reargument Denied Jan. 15, 1991.

David B. Miller, Scranton, for appellant.

Nicholas J. Casenta, Jr., Asst. Dist. Atty., Downingtown, for Com.

Before CAVANAUGH, WIEAND and HUDOCK, JJ.

CAVANAUGH, Judge:

This is a direct appeal following a judgment of sentence entered following a conviction of murder in the first degree and aggravated assault. Trial was held before Gavin, J. and a jury, which convicted the defendant on both counts, and on February 15, 1990 the defendant was sentenced to life imprisonment.

The facts of this case are as follows. On or about December 9, 1989, the decedent-victim, an 84 year old woman, sustained serious and numerous blunt trauma injuries, for which she was hospitalized. The victim was transferred to two other hospitals from December, 1988 through May, 1989. She eventually was transferred to the Pocopson Home, where she passed away. The Commonwealth asserted that the victim's death was set in motion by the injuries received on or about December 9, 1988, and the defendant-appellant, who was the nephew of the victim and resided with her in her home, was the perpetrator of these injuries. At trial, defendant's counsel presented a Motion *in limine* designed to preclude the Commonwealth from presenting

evidence of prior assaultive behavior. This motion was denied, and the Commonwealth was permitted to introduce this evidence to show malice, motive and intent. Cautionary instructions were given to the jury, which returned a guilty verdict at the close of trial, and the defendant received a life sentence. This appeal ensued.

Appellant raises one issue on appeal for our review. He contends that the trial court erred in denying his Motion *in limine* to suppress certain evidence, and then permitting the Commonwealth to present evidence of prior incidents of violence against the victim. For the reasons set forth hereafter, we affirm the judgment of sentence of the lower court.

We begin our analysis with the general standard of review. When reviewing evidentiary decisions of the lower court, the standard is well settled. "... [A]dmissibility of evidence is a matter addressed to the sound discretion of the trial court, and ... an appellate court may reverse only upon a showing that the trial court abused its discretion." *Commonwealth v. Claypool*, 508 Pa. 198, 200, 495 A.2d 176, 178 (1985). Keeping this standard in mind, we now address appellant's claim.

Specifically, appellant claims that the trial court erred in denying defendant's Motion *in limine* because the four prior incidents were too remote in time to have any probative value or were not proven by substantive evidence. As such, appellant contends, since the admission of evidence relating to these incidents was highly prejudicial, the lack of probative value denied defendant his right to a fair trial.

The four incidents referred to in this appeal are as follows:

1. Attempted homicide against victim, August 1975. Defendant was sentenced to four to twenty-three months.

2. Attempted homicide against Pennsylvania State Trooper, responding to assault upon victim by defen-

dant, July, 1978. Defendant was sentenced to two to four years.

3. Assault against victim by defendant, Spring 1985. No charges were filed.

4. Assault against victim by defendant some time in 1978 to 1988. No charges were filed.

We begin by addressing the remoteness claim. Appellant has contended in his brief that there is a "ten year gap" between some of the incidents (*Brief for Appellant*, at 13) and this lapse renders probative value negligible. Looking at the evidence in its proper context, our analysis requires a different outcome. While the time frame of all the incidents exceeds ten years, the incidents are spaced by far fewer. The first reported incident of physical abuse (defendant shot the victim in the face) was in 1975; three years later, a second one involving a physical attack on the victim by the defendant (defendant strangled his aunt until blood came out of her mouth); under seven years following that, a third assault by defendant upon victim; two years after that, a fourth alleged assault by defendant upon victim (defendant allegedly kicked the victim); then a year or two after that, the incident of physical abuse which led to the victim's death (defendant again kicked the victim in the head and face). We refuse to consider the evidence entirely out of its sequential context, as appellant would require us to do. We also further note there were additional incidents which were not submitted to the jury, and that defendant was incarcerated at least some of the time between incidents. These factors would further act to reduce the time periods between incidents, as the involuntary separation removed the likelihood of any incidents occurring while defendant was in the custody of the Commonwealth.

The law on remoteness as bearing on evidentiary value in this type of situation has been stated clearly. Remoteness in time has been generally construed to be "... another factor to be considered in determining whether a prior incident ... [of abuse] tends to show that a second incident ... [of abuse] was an accident." *Commonwealth v. Dona-*

*hue,* 519 Pa. 532, 544, 549 A.2d 121, 127–128 (1988). The court further went on to note that three years is not unduly remote. On the furthest extreme, the Supreme Court of Pennsylvania has gone back as far as seventeen years in allowing evidence in a domestic violence situation. A husband had brutally murdered his wife, and evidence of a beating administered seventeen years prior was properly admissible as evidence of ill will and malice tending to show criminal intent. *Commonwealth v. Patskin,* 372 Pa. 402, 413–414, 93 A.2d 704, 712 (1953). Thus, the remoteness issue fails. Clearly this evidence is admissible, and the fact finder could properly determine its weight.

Here, since defendant has raised the defense that he never intended to harm the decedent, this evidence was properly admissible to show intent, malice or absence of accident as an exception to the rule that prior bad acts are inadmissible. *Commonwealth v. Potts,* 388 Pa.Super. 593, 606, 566 A.2d 287, 294 (1989). Additionally, since the relationship between the decedent and the defendant is of critical importance to the Commonwealth's case and necessary to show intent, any prejudice suffered by the defendant in this instance was outweighed by the fact that the relations between the parties is "... an integral point of the evidence establishing the intent of the defendant." *Commonwealth v. Glass,* 486 Pa. 334, 344, 405 A.2d 1236, 1241 (1979). Finally, as three separate, limiting and cautionary instructions were given to the jury, (N.T. 1/31/90, at 288–90, 297, 361–2), the prejudicial impact was minimized. Thus, we find that the trial court did not abuse its discretion in ruling that the probative value of this evidence, despite the argued remoteness, outweighed its prejudicial effect.

■ Appellant also claims that the more recent events, specifically those in 1985 and 1987 or 1988, were not proven by substantial evidence and as such, are inadmissible.[1] We are unpersuaded by this argument.

---

1. Appellant raises the remoteness issue again in regard to these two incidents. As we have already rejected this, we will not address it again.

■ Firstly, we note that Appellant has misstated the Commonwealth's burden when he says in his brief that the Commonwealth bears the burden of showing by clear and convincing evidence that the event happened before prior bad acts can be admitted into evidence to show intent. The burden as articulated in *Donahue, supra* at 127 is one of substantial evidence.

Secondly, the trial transcripts provide ample foundation for admitting the two incidents. There is sufficient testimony, which, in light of the continuing relations and pattern of behavior between the defendant and the decedent, could be believed by the finder of fact and constitutes "substantial evidence".

Regarding the 1985 incident, there is the eyewitness testimony of Cassandra Miller that she viewed the bruises on the victim's arms, and that the defendant's wife had rushed over to the grandmother's house to tell her daughter that "he" was assaulting the victim. The trial judge ruled that this evidence of bruising, and the defendant's wife's statements were substantial and reliable evidence to show that the assault had occurred. It then was up to the jury to decide the credibility of this witness and the weight to give this evidence as to the identity of the perpetrator, and its showing malice, ill will, and absence of accident. We fail to see how admitting this evidence was an abuse of discretion on the trial judge's part.

Regarding the incident which occurred in either 1987 or 1988, there is direct eyewitness testimony from the defendant's half-sister Linda Worrell that she saw the defendant kick the victim. Again, the trial judge ruled that this was substantial evidence to show that the assault had occurred, and we again do not find it to be an abuse of discretion on the part of the trial judge to admit this into evidence, especially in light of the cautionary instruction given the jury before either of the last two incidents were submitted to them in testimony.

Finally, we note that on several other occasions involving, as is the case here, a pattern of domestic violence, the

courts of this Commonwealth have held that evidence "... concerning the previous relations between a defendant and a homicide victim is relevant and admissible for the purposes of showing ill will, motive, or malice. Evidence of prior occurrences in which the accused threatened, assaulted, or quarrelled with the decedent may be admissible for this purpose." *Commonwealth v. Ulatoski,* 472 Pa. 53, 60–61, 371 A.2d 186, 190 (1977). Defendant would have us limit this to a marital situation, but we do not see where this specific limitation has ever been imposed, and we decline to do so now.

Thus, the evidence of the four prior assaults was admissible, proven by substantial evidence, and its probative value outweighed any prejudicial effect upon the defendant. The trial court did not err in so ruling.

For the foregoing reasons, the judgment of sentence of the trial court is affirmed.

WIEAND, J., concurs in the result.