599 A.2d 1346

COMMONWEALTH of Pennsylvania, Appellant,

v.

Gary Lee FRANKENFIELD, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

John F. DREHER, Appellee.

Superior Court of Pennsylvania.

Submitted Aug. 19, 1991.

Filed Nov. 12, 1991.

John F. Spirk, Jr., Asst. Dist. Atty., Easton, for Com., appellant (at 1282 & 1283).

William F. Zaun, Public Defender, Bethlehem, for appellee (at 1282).

Leonard M. Mellon, Easton, for appellee (at 1283).

Before CAVANAUGH, KELLY and MONTGOMERY, JJ.

PER CURIAM ORDER:

■ This is an appeal by the Commonwealth from an order of the trial court granting appellees' motion to suppress physical evidence. In order to invoke this Court's jurisdiction to hear an appeal from a suppression order, the Commonwealth is required to certify in good faith that the suppression order substantially handicaps or terminates the prosecution. *See Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985). The Commonwealth's failure to comply with this requirement subjects the appeal to being quashed. *Commonwealth v. Elliott*, 376 Pa.Super. 536, 546 A.2d 654 (1988); *Commonwealth v. Slovikosky*, 374 Pa.Super. 441, 543 A.2d 553 (1988).

■ Review of the record in the instant case, along with the Commonwealth's brief, fails to disclose a good faith certification that the order in question either terminates or substantially handicaps the prosecution. Previously, this Court has observed that the dismissal of appeals based upon the procedural defaults of counsel improperly places the burden of these errors on a non-offending party, powerless to correct such error. *See Commonwealth v. Ciotto*, 382 Pa.Super. 458, 461, n. 1, 555 A.2d 930, 931, n. 1 (1989); *Commonwealth v. Osteen*, 381 Pa.Super. 120, 125, 552 A.2d 1124, 1126 (1989). Additionally, this Court has, in the past, ordered parties to correct procedural defects in an appeal rather than imposing a more severe sanction, *i.e.* quashal. *See e.g. Commonwealth v. Ely*, 381 Pa.Super. 510, 554 A.2d 118 (1988) (rather than quash the appeal because of a defective brief, new counsel will be appointed and directed to file a brief in conformity with the rules); *Commonwealth v. Zeitlen*, 366 Pa.Super. 78, 530 A.2d 900 (1987) (counsel directed to file a Pa.R.A.P. 2119(f) statement missing from the brief filed on appeal). Moreover, in *Commonwealth v. Carson*, 510 Pa. 568, 510 A.2d 1233 (1986), our Supreme Court observed,

> The failure of a party to observe the orders of a court may result in a loss to a party in a civil action, because there the loss falls upon private interests and those who invoke the power of a court must be obedient to its orders or lose its powers to serve their purposes. *Criminal cases involve issues of public justice; issues that transcend the immediate parties.* In criminal cases, sanction may be imposed upon individuals, including counsel for either side; sanctions that vindicate the authority of the court to maintain its schedule and enforce its order.

*Id.*, 510 Pa. at 572, 510 A.2d at 1234 (emphasis added); *see also Commonwealth v. DeMarco*, 396 Pa.Super. 357, 578 A.2d 942 (1990).

In the instant case, we do not believe the interests of public justice would be best served by penalizing the citizens of this Commonwealth for the district attorney's fail-

ure to comply with an essentially *pro forma* requirement. This omission may be properly corrected on appeal. Accordingly, we enter the following order:

## ORDER

And NOW, this 12th day of November, 1991, the Commonwealth is ordered to file with this Court, within fifteen (15) days a certification explaining that the suppression order substantially handicaps or will in fact terminate the prosecution. Failure to comply with this order will result in the instant appeal being quashed by this Court.

Panel Jurisdiction is retained.