635 A.2d 1086

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**James F. SMITH.**

Superior Court of Pennsylvania.

Submitted Nov. 1, 1993.

Filed Dec. 22, 1993.

---

Charles J. Duke, Asst. Dist. Atty., Smethport, for Com., appellant.

Ronald P. Langella, Bradford, for appellee.

Before POPOVICH, JOHNSON and CERCONE, JJ.

POPOVICH, Judge:

This is an appeal by the Commonwealth from the order entered in the Court of Common Pleas of McKean County granting appellee's motion in limine with regard to the exclusion of testimony about appellee's sexual offenses against his oldest daughter, Mona Smith Novak. We hold that the court below abused its discretion in excluding the aforesaid testimony, and we, thus, reverse that ruling.

    Upon review of the record, we find that the Commonwealth has certified that the order in question substantially handicaps its prosecution. Hence, we have jurisdiction to entertain this appeal. *See Commonwealth v. Cohen,* 529 Pa. 552, 605 A.2d 1212 (1992) (appealability of the grant of motion in limine which excludes Commonwealth evidence); *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985) (appealability from suppression order is proper where Commonwealth

certifies in good faith that order terminates or substantially handicaps its prosecution); *But cf. Commonwealth v. Frankenfield,* 410 Pa.Super. 377, 599 A.2d 1346 (1991) (record fails to disclose certification by Commonwealth).

Before addressing the merits of the Commonwealth's points of error, we recount the history of this case as follows: On or about July 14, 1992, Stephanie Smith, then ten (10) years old, notified the McKean County Children and Youth Services ("CYS") that appellee, her father, had sexually molested her that morning and several weeks earlier. Pursuant to an investigation conducted by the Pennsylvania State Police, the police obtained statements from appellee's two other daughters, Erin Smith and Mona Smith Novak. Both reported that appellee had also sexually abused them. On July 16, 1992, Erin Smith, the victim in the Commonwealth's case against appellee, told the police that appellee sexually molested her on a regular basis from the time she was five (5) or six (6) years of age until ten (10) years of age. Erin Smith was sixteen (16) years old at the time of the police reports. On August 27, 1992, a preliminary hearing was held whereby Stephanie Smith and Erin Smith both testified as to appellee's sexual activities with them. Pursuant to that hearing, the following charges were bound over to the lower court: rape, 18 Pa. C.S.A. § 3121(1) and (4); statutory rape, 18 Pa.C.S.A. § 3122; involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123(1), (4) and (5); aggravated indecent assault, 18 Pa.C.S.A. § 3125(2) and (6); indecent exposure, 18 Pa.C.S.A. § 3127; and corruption of minors, 18 Pa.C.S.A. § 6301. Preliminary Hearing N.T. 8/27/92, p. 48. On October 27, 1992, Mona Smith Novak, then twenty-seven (27) years old, informed the police that appellee had sexually molested her almost on a daily basis from the time she was about seven (7) years of age until sixteen (16) years of age.

On November 24, the court below entered an order scheduling a jury trial for December 11, 1992. On December 3, 1992, appellee filed a motion in limine along with a brief seeking to suppress any testimony concerning appellee's sexual activities with Stephanie Smith and Mona Smith Novak. Further,

appellee sought to exclude letters written by appellee to Mona Smith Novak, Erin Smith, Ed Smith (appellee's son), and Marian and Ed Speedy (the parents of appellee's ex-wife). Appellee wrote the letters subsequent to his arrest. After a hearing to address and dispose of the issues raised by appellee in his motion in limine, by order dated December 9, 1992, the court ordered that the Commonwealth may not offer in evidence any testimony from Mona Smith Novak or others concerning any prior alleged offenses by appellee against Mona Smith Novak. The lower court overruled and dismissed the remainder of appellee's motion in limine. On January 4, 1993, the Commonwealth filed notice of appeal along with a certification contending that the exclusion of testimony by or concerning Mona Smith Novak substantially hinders the prosecution.[1]

The Commonwealth asserts that testimony by or about Mona Smith Novak is admissible under the common scheme, plan, design or course of conduct exception to the general rule that evidence of one crime is inadmissible against a defendant being tried for another crime. *See Commonwealth v. Peterson,* 453 Pa. 187, 307 A.2d 264 (1973). The Commonwealth further argues that evidence of appellee's offenses against Mona Smith Novak demonstrates a recurring sequence of acts over a continuous period of time, and that the acts perpetuated upon appellee's three daughters are of similar character. It also contends that its need for that evidence is great, and that cautionary instructions to the jury would alleviate any prejudice in admitting the aforementioned evidence.

In evaluating appellant's claim, the lower court found that testimony by or about Mona Smith Novak pertained to events which occurred ten (10) to twenty (20) years ago. The court

---

1. Our review of the record reveals that the jury trial scheduled for December 11, 1992 was cancelled due to a snow storm. On December 21, 1992, the lower court entered an order rescheduling trial for January 14, 1993. The Commonwealth's appeal has properly stayed trial proceedings in this case. *See Commonwealth v. Cohen,* 529 Pa. 552, 557–58, 605 A.2d 1212, 1215 (1992) (an appeal from a pretrial order granting a motion to exclude evidence which is presented before the swearing of the jury will not have the effect of interrupting and disrupting a jury trial).

below then determined that the time involved of appellee's offenses against Mona Smith Novak was too remote to have any probative value and that the prejudicial effect of such testimony was so strong as to deny appellee his presumption of innocence. Moreover, the lower court concluded that testimony of offenses against Mona was not essential to the Commonwealth's case in light of the admissibility of testimony concerning acts perpetuated by appellee upon his two other daughters, Stephanie and Erin. Trial Court Opinion 4/5/93, p. 2.

The standard of review for evidentiary rulings of the lower court is well settled. "Admissibility of evidence is a matter addressed to the sound discretion of the trial court, and an appellate court may reverse only upon a showing that the trial court abused its discretion." *Commonwealth v. Odum,* 401 Pa.Super. 8, 9–10, 584 A.2d 953, 954 (1990), *quoting Commonwealth v. Claypool,* 508 Pa. 198, 200, 495 A.2d 176, 178 (1985). In *Commonwealth v. Frank,* 395 Pa.Super. 412, 421–22, 577 A.2d 609, 614 (1990), *alloc. denied,* 526 Pa. 629, 584 A.2d 312, our Court was presented with the question of whether the trial court abused its discretion in admitting evidence under the common plan exception. There, our Court provided the following analysis in addressing that issue:

[A] determination of whether evidence is admissible under the common plan exception must be made on a case by case basis in accordance with the unique facts and circumstances of each case. However, we recognize that in each case, the trial court is bound to follow the same controlling, albeit general, principles of law. When ruling upon the admissibility of evidence under the common plan exception, the trial court must first examine the details and surrounding circumstances of each criminal incident to assure that the evidence reveals criminal conduct which is distinctive and so nearly identical as to become the signature of the same perpetrator. Relevant to such a finding will be the habits or patterns of action or conduct undertaken by the perpetrator to commit crime, as well as the time, place, and types of victims typically chosen by the perpetrator. Given this

initial determination, the court is bound to engage in a careful balancing test to assure that the common plan evidence is not too remote in time to be probative. If the evidence reveals that the details of each criminal incident are nearly identical, the fact that the incidents are separated by a lapse of time will not likely prevent the offer of the evidence unless the time lapse is excessive. Finally, the trial court must assure that the probative value of the evidence is not outweighed by its potential prejudicial impact upon the trier of fact. To do so, the court must balance the potential prejudicial impact of the evidence with such factors as the degree of similarity established between the incidents of criminal conduct, the Commonwealth's need to present evidence under the common plan exception, and the ability of the trial court to caution the jury concerning the proper use of such evidence by them in their deliberations.

*Id.* 395 Pa.Super. at 421–22, 577 A.2d at 614. In *Commonwealth v. Frank,* defendant, a therapist, contended that the trial court committed prejudicial error in admitting testimony as to defendant's sexual activity with six of his patients which occurred three to four years prior to the criminal acts underlying the conviction. 395 Pa.Super. at 417–19, 577 A.2d at 612. We rejected defendant's argument that the sexual offenses were too remote in time to be deemed admissible. 395 Pa.Super. at 427–30, 577 A.2d at 617–618.

After scrutinizing the record in view of the considerations espoused by our decision in *Commonwealth v. Frank,* we find that the lower court abused its discretion in arriving at legal conclusions from the particular facts of this case. Upon finding that testimony about appellee's sexual acts against Mona Smith Novak related to events which occurred (10) to twenty (20) years ago, the court below determined that the time involved from said testimony was too remote to have probative value. At first glance, we are inclined to agree with that conclusion. However, the issue of remoteness under the common plan exception is determined by analyzing the time involved between each of the criminal incidents. "If the

evidence reveals that the details of each criminal incident are nearly identical, *the fact that the incidents are separated by a lapse of time will not likely prevent the offer of evidence unless the time is excessive.*" *Id.* at 421, 577 A.2d at 614 (emphasis added). Initially, we note that the criminal incidents perpetrated upon appellee's daughters are strikingly similar. Both Erin Smith and Mona Smith Novak reported to the Pennsylvania State Police that appellee had sexually abused them when they were younger. At the time of the police reports, Mona was twenty-seven (27) years old, and Erin was sixteen (16) years old. Mona informed the police that appellee had sexually molested her almost on a daily basis from the time she was about seven (7) years of age until sixteen (16) years of age. Erin stated that appellee had sexually molested her on a regular basis from the time she was five (5) or six (6) years of age until ten (10) years of age. *We find that the lapse of time between appellee's offenses against his daughters, Mona and Erin, to be non-existent, or minimal at best.* Certainly, the record reveals that at the time appellee ended his sexual activity with Mona, appellee began his sexual offenses against Erin. We, therefore, reject appellee's assertion that incidents of sexual offenses against Mona are too remote in time to be probative. "Indeed, the relevancy of this evidence rested in large part upon the fact that the evidence indicated a recurring sequence of acts by this [defendant] over a continuous span of time, as opposed to random and remote acts." *Id.* at 427–29, 577 A.2d at 617. *See Commonwealth v. Hughes,* 521 Pa. 423, 555 A.2d 1264 (1989) (evidence admissible where there is a logical connection between the two crimes, despite time lapse of ten months separating the sexual attacks). We conclude that the lower court abused its discretion in assessing the issue of remoteness on the ground that the court failed to construe appellee's criminal activities against his daughters in conjunction with one another.

■ Further, we find that the probative value of testimony about offenses against Mona Smith Novak is not outweighed by its potential prejudicial impact. The incidents of criminal

conduct perpetuated upon appellee's daughters are of similar character. The Commonwealth demonstrates a need to present testimony of appellee's sexual abuse of Mona Smith Novak because the victim, Erin failed to reveal promptly that she had been molested. *Cf. Frank,* 395 Pa.Super. at 428–30, 577 A.2d at 618 (Commonwealth's need for evidence not minimal in light of victim's failure to reveal promptly that he had been sexually molested by defendant). Finally, we find that cautionary instructions to the jury as to the limited purpose for which evidence of appellee's sexual offenses against Mona Smith Novak could be considered would alleviate any prejudice in admitting that evidence.

Upon close examination of the record, we are of the opinion that evidence of appellee's sexual offenses against his oldest daughter, Mona Smith Novak, satisfies the requirements of the common plan exception to the general rule that evidence of one crime is inadmissible against a defendant being tried for another crime. We conclude that the court below abused its discretion in precluding the Commonwealth from offering the aforesaid evidence. Accordingly, we reverse that ruling of the lower court.[2]

Order reversed and remanded in accordance with this Opinion. Jurisdiction relinquished.

JOHNSON, J., files a dissenting statement.

JOHNSON, Judge, dissenting.

On the unique facts of this case, the distinguished pretrial judge, the Honorable J. Quint Salmon, denied the request that the testimony of one daughter and certain letters written by the defendant be suppressed, while granting that portion of the motion in limine which sought the exclusion of the testimo-

2. The Commonwealth also asserts that letters written by appellee to Mona Smith Novak subsequent to his arrest should be admitted into evidence. However, the record reveals that the lower court denied appellee's motion in limine with respect to those letters and determined that questions of relevancy and admissibility of said letters should be assessed by the trial judge. Trial Court Opinion 4/5/93, p. 2. Consequently, we need not address the Commonwealth's contention.

ny of another daughter. I am unable to find any abuse of discretion by Judge Salmon. I would affirm upon his concise, well-reasoned Memorandum Opinion, filed April 5, 1993. Hence, this Dissenting Statement.