**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Carmine A. LAURO, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 2002.
Filed Feb. 27, 2003.

Carmine Lauro, appellant, pro se.

George M. Green, Assistant District Attorney, Media, for Commonwealth, appellee.

Before: BOWES, GRACI, and OLSZEWSKI, JJ.

GRACI, J.:

¶ 1 Appellant, Carmine A. Lauro, Sr. ("Lauro"), appeals from an order filed in the Court of Common Pleas of Delaware County on December 28, 2001, denying his petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546 ("PCRA"). We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 Lauro was arrested in January 1998 and charged with sexually assaulting his daughter and stepdaughter over a period of several years. Following a week-long jury trial, he was convicted of rape, 18 Pa.C.S.A. § 3121, involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123, aggravated indecent assault, 18 Pa.C.S.A. § 3125, indecent assault 18 Pa.C.S.A. § 3126, indecent exposure, 18 Pa.C.S.A. § 3127, incest, 18 Pa.C.S.A. § 4302, endangering the welfare of children, 18 Pa. C.S.A. § 4304, and corrupting the morals of children, 18 Pa.C.S.A. § 6301, and sentenced to fourteen to fifty years imprisonment and thirty-two years probation for the incidents involving his daughter. With respect to the incidents involving his stepdaughter, Lauro was convicted of statutory rape, 18 Pa.C.S.A. § 3122, involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123, aggravated indecent assault, 18 Pa.C.S.A. § 3125, indecent assault, 18 Pa. C.S.A. § 3126, indecent exposure, 18 Pa. C.S.A. § 3127, corrupting the morals of children, 18 Pa.C.S.A. § 6301, and endangering the welfare of children, 18 Pa. C.S.A. § 4304, and given a consecutive sentence of eleven-and-one-half to thirty years imprisonment and nineteen years' probation.

¶ 3 In November 1998, Lauro moved for the appointment of new counsel on appeal and appealed the judgment of sentence. On December 6, 1999, this Court rejected all of his claims, including claims of ineffective assistance of counsel, and affirmed the judgments of sentence. Superior Court Memorandum, 12/6/99.

¶ 4 On November 27, 2000, Lauro filed a timely PCRA petition. On January 2, 2001, new counsel was appointed and directed to file an amended PCRA petition. On March 8, 2001, counsel's request to withdraw was granted and new counsel was appointed and directed to file an amended PCRA petition. On May 11, 2001, the amended PCRA was filed.

¶ 5 On June 21, 2001, a PCRA hearing was held, and, on December 28, 2001, the PCRA court filed an opinion, denying relief and dismissing Lauro's petition as meritless. On January 24, 2002, Lauro filed a timely notice of appeal.

¶ 6 Lauro now raises the following issues, *pro se*,[1] on appeal:

(1) Whether trial counsel rendered ineffective assistance by failing to file a pretrial challenge to the joinder of offenses;

(2) Whether the lower court abused its discretion by failing to sever the offenses and conduct separate trials the moment that the lower court ruled that the Commonwealth was entitled to admit evidence under the statutory authority of the Tender Years Act[2] for the minor victim and offenses derived therefrom;

(3) Whether the probative value of the multiple hearsay evidence testified to at trial by Carmine Lauro, Jr., Det. Raymond Blythe, Jr., Stephanie Lauro, Andrea Evans, Donna Scott, Kurt Dempsey, and Mark Bucci, outweighed the prejudice suffered by appellant;

(4) Whether the multiple hearsay evidence was capable of separation by the jury so as to avoid confusion;

(5) Whether the trial court misapplied the law by admitting hearsay evidence in light of the lack of notice required under the Tender Years Act and pursuant to the *Crossley* case[3];

(6) Whether trial counsel was ineffective for failing to object to the lack of notice required under the Tender Years Act and pursuant to the *Crossley* case;

(7) Whether trial counsel rendered ineffective assistance for failing to file a motion *in limine* to sever the offenses the moment that the trial court ruled that evidence concerning the minor victim would be admitted under the Tender Years Act;

(8) Whether trial counsel was ineffective for failing to call character witnesses;

(9) Whether appellate counsel was ineffective for failing to raise and preserve the issue on direct appeal of trial counsel's ineffectiveness for failing to call character witnesses;

(10) Whether appellate counsel was ineffective for failing to preserve and litigate the issue on direct appeal of trial counsel's ineffectiveness for failing to file a motion *in limine* to sever the offenses the moment that the trial court ruled that evidence concerning the minor victim would be admitted under the Tender Years Act; and

(11) Whether PCRA counsel was ineffective for failing to call character witnesses at the PCRA evidentiary hearing.

(Appellant's Brief, at 7).[4]

## II. DISCUSSION

■ ¶ 7 At the outset, we note that issues not raised in a PCRA petition cannot be considered on appeal. *Commonwealth v. Wallace*, 555 Pa. 397, 724 A.2d 916, 921 n. 5 (1999). Lauro did not raise the first five issues in his original or amended

---

1. We previously remanded this matter to the PCRA court so that it could determine if Lauro's waiver of counsel on this appeal was knowing, intelligent, and voluntary. After conducting an on-the-record colloquy for that purpose, the PCRA court determined that Lauro's waiver of counsel was knowing, intelligent, and voluntary. *See* Order, 6/24/02.

2. 42 Pa.C.S.A. § 5985.1.

3. *Commonwealth v. Crossley*, 711 A.2d 1025 (Pa.Super.1998).

4. We have reorganized the issues that Lauro raises for purposes of our review.

PCRA petition.[5] Therefore, we cannot consider them on appeal.[6]

¶ 8 We review a post-conviction court's denial of relief to determine whether that court's findings are supported by the record and whether its order is otherwise free of legal error. *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) (*en banc*).

> To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>
> (ii) awaiting execution of a sentence of death for the crime; or
>
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilt unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>
> (v) Deleted.
>
> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.
>
> (vii) The imposition of a sentence greater than the lawful maximum.
>
> (viii) A proceeding in a tribunal without jurisdiction.
>
> (3) That the allegation of error has not been previously litigated or waived.

---

**5.** In its opinion, the PCRA court indicated that PCRA counsel preserved "any allegations of merit" raised in Lauro's *pro se* PCRA petition. Opinion, 12/28/01, at 10.

**6.** Moreover, had any of these issues been raised in a PCRA petition, they would have properly been rejected as waived since each of them could have been raised at trial and/or on direct appeal. *See* 42 Pa.C.S.A. § 9544(b). This applies to claims of trial counsel's ineffectiveness since Lauro was represented by new counsel on appeal. At the time of Lauro's direct appeal, he was required to raise such claims of ineffectiveness of trial counsel on direct appeal if he was represented by new counsel on appeal. *See Commonwealth v.*

*Green*, 551 Pa. 88, 709 A.2d 382, 384 (1998) (citing *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687, 695 n. 6 (Pa.1977)). While *Hubbard* and its progeny have been recently overruled in this regard, that ruling has no bearing on this case which was final when this new rule was announced and which is pending before this Court on collateral review. *See Commonwealth v. Grant*, 813 A.2d 726, 746 n. 16 (Pa.2002). Accordingly, had any of these claims been raised in a PCRA petition, Lauro would have been unable to plead and prove by a preponderance of the evidence that they had not been waived as is his burden. *See* 42 Pa.C.S.A. § 9543(a)(3).

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

*Commonwealth v. Rivers*, 567 Pa. 239, 786 A.2d 923, 925–26 (2001) (citing 42 Pa. C.S.A. § 9543(a)(1)-(4)).

¶ 9 Here, it is clear that issues six and seven which assert trial counsel's ineffective assistance are waived. Since Lauro was represented by new counsel on direct appeal, he was required to raise all claims of ineffective assistance of trial counsel on direct appeal. *See Green, supra; see also Hubbard, supra.*[7] Since issues six and seven could have been raised on direct appeal by new counsel, they are waived. *See* 42 Pa.C.S.A. § 9544(b); *see also Commonwealth v. Jones*, 811 A.2d 994, 1001 (Pa.2002) (citations omitted).[8]

¶ 10 Our review of the record reveals that the eighth issue has been previously litigated in Lauro's direct appeal to this Court. In a memorandum decision filed on December 6, 1999, this Court stated:

Appellant's first claim that trial counsel's failure to call any character witnesses constituted ineffective assistance is wholly without merit. "A failure to call a witness is not per se ineffective assistance of counsel as such decision generally involves a matter of trial strategy." *Commonwealth v. Auker*, 545 Pa. 521, 548, 681 A.2d 1305, 1319 (1996). To establish a claim that counsel was ineffective for failing to call a witness, "a

defendant must establish that the witness existed and was available, that counsel was informed of the witness's existence, that the witness was ready and willing to testify and that the absence of the witness prejudiced the defendant to a point where the defendant was denied a fair trial." *Commonwealth v. Woods*, 710 A.2d 626, 629 (Pa.Super.1998). In this case, appellant does not set forth the name of a single person who was willing to testify on his behalf as a character witness, much less establish that he was prejudiced by the lack of character witnesses. Appellant is not, therefore, entitled to relief on this claim.

Superior Court Memorandum, 12/6/99, at 11. Because the issue of trial counsel's ineffectiveness for failing to call character witnesses was previously litigated on direct appeal, it is not cognizable under the PCRA.[9] *See Commonwealth v. Hutchins*, 760 A.2d 50, 55 (Pa.Super.2000) (stating that a PCRA petitioner cannot obtain PCRA review of previously litigated claims by presenting those claims again in a PCRA petition and setting forth new theories in support thereof).

¶ 11 The ninth issue that Lauro raises is whether appellate counsel was ineffective for failing to raise and preserve the issue on direct appeal of trial counsel's ineffectiveness for failing to call character witnesses.

To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the un-

---

**7.** We note that claims of ineffective assistance of trial counsel were, in fact, advanced on Lauro's behalf by direct appellate counsel before this Court.

**8.** That the trial court may have addressed these claims on the merits without finding waiver is of no consequence, for we may affirm that court's decision on any ground,

even one not considered by that court. *Commonwealth v. Priovolos*, 746 A.2d 621, 626 n. 6 (Pa.Super.2000).

**9.** Moreover, for the reasons previously set forth, this issue of trial counsel's ineffectiveness is also waived.

derlying claim is of arguable merit; (2) that counsel's course of conduct was without any reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Commonwealth v. Abdul–Salaam,* 570 Pa. 79, 808 A.2d 558, 561 (2001) (citations omitted). "If a reasonable basis exists for the particular course chosen by counsel, the inquiry ends and counsel's performance is deemed constitutionally effective." *Id.* (citation omitted).

¶ 12 As we indicated above, appellate counsel did in fact raise the issue of trial counsel's ineffectiveness for failing to call character witnesses. Therefore, the ninth issue Lauro raises is without merit.

¶ 13 The tenth issue that Lauro raises is whether appellate counsel was ineffective for failing to preserve and litigate the issue on direct appeal of trial counsel's ineffectiveness for failing to file a motion *in limine* to sever the offenses the moment that the trial court ruled that evidence concerning the minor victim would be admitted under the Tender Years Act.[10] As we indicated above,

> [t]o prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was

without any reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Id.* at 561 (citations omitted). "If a reasonable basis exists for the particular course chosen by counsel, the inquiry ends and counsel's performance is deemed constitutionally effective." *Id.* (citation omitted).

¶ 14 Rule 1127(A)(1)(a) of the Pennsylvania Rules of Criminal Procedure (renumbered Rule 582 and amended March 1, 2000, effective April 1, 2001; amended May 10, 2002, effective September 1, 2002) allows for separate offenses to be tried together if: "the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion." Pa.R.Crim.P. 1127(A)(1)(a). Moreover, Rule 1128 (renumbered Rule 583 and amended March 1, 2000, effective April 1, 2001) provides that: "[t]he court may order separate trials of offenses or defendants or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa. R.CrimP. 1128. Reading these Rules together, this Court set forth the following test for deciding a motion to sever:

---

10. "A petitioner can avoid a finding of waiver under the PCRA by making an adequate and properly layered claim of ineffective assistance of counsel at his first available opportunity to do so." *Abdul–Salaam,* 808 A.2d at 560 n. 3 (Pa.2001) (citation omitted). In the instant case, although a direct attack on trial counsel's ineffective assistance for failing to file a motion *in limine* to sever the offenses is waived, Lauro raised, in the PCRA court, which was his first available opportunity to do so, the issue of appellate counsel's ineffectiveness for failing to preserve and litigate the issue on direct appeal of trial counsel's ineffectiveness for failing to file a motion *in limine* to sever the offenses. Therefore, the issue of appellate counsel's ineffectiveness for failing to preserve and litigate the issue on direct appeal of trial counsel's ineffectiveness for failing to file a motion *in limine* to sever the offenses is not waived.

Where the defendant moves to sever offenses not based on the same act or transaction that have been consolidated in a single indictment or information, or opposes joinder of separate indictments or informations, the court must therefore determine: [1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses.

*Commonwealth v. Collins*, 550 Pa. 46, 703 A.2d 418, 422 (1997) (citation omitted). "[A] court must first determine if the evidence of each of the offenses would be admissible in a separate trial for the other. Evidence of crimes other than the one in question is not admissible solely to show the defendant's bad character or propensity to commit the crime." *Id.* (citations omitted).

However, evidence of other crimes is admissible to demonstrate (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) the identity of the person charged with the commission of the crime on trial.

*Id.* at 422–23 (citation omitted). "Additionally, evidence of other crimes may be admitted where such evidence is part of the history of the case and forms part of the natural development of the facts." *Id.* at 423 (citation omitted). Here, the evidence of each of the offenses was admissible in a separate trial for the other.[11]

¶ 15 Additionally, the evidence was capable of separation by the jury. The offenses in the instant case occurred at different times and involved different victims.

¶ 16 Lastly, Lauro was not unduly prejudiced by the consolidation of the offenses. *Id.* (citing Pa.R.Crim.P. 1128).

[t]he "prejudice" of which Rule 1128 speaks is not simply prejudice in the sense that appellant will be linked to the crimes for which he is being prosecuted, for that sort of prejudice is ostensibly the purpose of *all* Commonwealth evidence. The prejudice of which Rule 1128 speaks is, rather, that which would occur if the evidence tended to convict appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence.

*Id.* at 423 (citation omitted). "Additionally, the admission of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial, and it is not grounds for severance by itself." *Id.* (citation omitted).

¶ 17 Here, the PCRA court determined that "[t]he evidence of each of the offenses

---

**11.** Our rules with respect to the admissibility of "evidence of other crimes" are not dependent on the type or variety of evidence being offered. Here, the evidence of "other crimes" with respect to the crimes perpetrated against Lauro's daughter were the crimes perpetrated against his stepdaughter. Likewise, the "other crimes" evidence with respect to the crimes perpetrated against Lauro's stepdaughter were those perpetrated against his daughter. That some of the evidence of the crimes perpetrated against Lauro's daughter was hearsay evidence admissible under the Tender Years Act (as determined by the trial court after a hearing, Opinion, 12/28/01, at 7) does not affect its status as evidence of other crimes. All of the evidence of each of these crimes was properly admissible in a separate trial for the other.

would have been admissible in a separate trial for the other." PCRA Court Opinion, 12/28/01, at 8. The PCRA court cited our decision in *Commonwealth v. Smith*, 431 Pa.Super. 91, 635 A.2d 1086 (1983), as support for the conclusion that "sexual offenses against an older daughter were admissible in prosecution for sexual incidents involving a younger daughter where the incidents of criminal conduct perpetrated upon defendant's daughters were of similar character and suggested a common plan." PCRA Court Opinion, 12/28/01, at 8–9. Moreover, the PCRA court concluded that, had a motion to sever been filed, it would not have been granted. *Id.* at 9, 635 A.2d 1086. The PCRA court committed no error in reaching these conclusions. Accordingly, since Lauro's claim lacks merit trial counsel was not ineffective in failing to pursue it. *See Commonwealth v. Tarver*, 491 Pa. 253, 420 A.2d 438, 438 (1980) (stating that counsel is not ineffective in failing to pursue a meritless claim) (citation omitted).

¶ 18 Moreover, based on the evidence adduced at the PCRA hearing, the PCRA court concluded that trial counsel had a reasonable basis for not seeking a severance and having the two cases tried together. PCRA Court Opinion, 12/28/01, at 9. This conclusion, too, is supported by the record and free of legal error. Accordingly, we must affirm. *See Commonwealth v. Fricke*, 250 Pa.Super. 370, 378 A.2d 982, 984 (1977) (stating that a court's inquiry into counsel's effectiveness ceases once it determines he or she had some reasonable basis for his or her actions designed to effectuate the defendant's interests) (citation omitted).

¶ 19 Where it is shown that trial counsel was not ineffective with respect to a particular issue, appellate counsel has no reasonable grounds upon which to assert trial counsel ineffectiveness upon appeal with respect to that issue. *See Commonwealth v. Tanner*, 410 Pa.Super. 398, 600 A.2d 201, 206 (1991). Because trial counsel was not ineffective for failing to move to sever the offenses, appellate counsel was not ineffective for failing to preserve and litigate that issue.

¶ 20 The eleventh and final issue that Lauro raises is whether PCRA counsel was ineffective by failing to call character witnesses at the PCRA evidentiary hearing. In *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 700 (1998), our Supreme Court recognized that a PCRA petitioner's right to appointed counsel, guaranteed by Pennsylvania Rule of Criminal Procedure 904 (formerly 1504), requires "an enforceable right to effective post-conviction counsel." Therefore, PCRA counsel's assistance may be examined on appeal from the denial of PCRA relief. *Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293, 303 (1999). Claims of PCRA counsel's ineffectiveness must be raised at the first opportunity at which the defendant is represented by counsel other than the attorney whose effectiveness is challenged. *Id.* at 302.[12] This appeal represents Lauro's first and only opportunity to challenge the effectiveness of PCRA counsel. Therefore, we may proceed to the merits of this issue.

¶ 21 To decide this claim of ineffective assistance of PCRA counsel in failing to call witnesses necessary to establish any entitlement to relief under the PCRA being raised for the first time on appeal from

**12.** We note that the Pennsylvania Supreme Court's recent decision in *Commonwealth v. Grant*, 813 A.2d 726, regarding when a defendant should raise claims of ineffective assistance of trial counsel has no effect on this case, as this case was pending on collateral review when *Grant* was decided. *See id.* at 746 n. 16.

the denial of PCRA relief, we look for guidance to those cases decided under the pre-*Grant* regime when claims of ineffective assistance of trial counsel had to be raised at the first opportunity when the defendant is no longer represented by the counsel whose effectiveness is being challenged. This claim of PCRA counsel's ineffectiveness is subject to the traditional test of ineffective assistance set forth above. If on such a claim we determine that there is a reasonable probability that, but for PCRA counsel's act or omission, the result of the PCRA proceeding would have been different, we would be required to remand for a new PCRA hearing. That would give the PCRA court the ability to pass on the claims properly raised in the PCRA petition and developed before the PCRA court. It is with these observations that we address Lauro's claim of PCRA counsel's ineffectiveness.

> In order to prove that [PCRA] counsel was ineffective for failing to investigate or call witnesses, appellant must demonstrate: "[1] the names and whereabouts of these witnesses, [2] the substance of their testimony and [3] how they would have appreciably strengthened his defense. Moreover, ... [appellant must show] [4] that his trial counsel knew of the existence of the witnesses who purportedly should have been called."

*Commonwealth v. Hunter*, 381 Pa.Super. 606, 554 A.2d 550, 557–58 (1989) (citations omitted).

¶ 22 "Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged." *Commonwealth v. Luther*, 317 Pa.Super. 41, 463 A.2d 1073, 1077 (1983) (citations omitted). "Such evi-

dence must relate to a period at or about the time the offense was committed ... and must be 'established by testimony of witnesses as to the *community* opinion of the individual in question, not through specific acts or mere rumor.'" *Id.* at 1077–78 (citations omitted) (emphasis in original). "In a rape case, evidence of the character of the defendant would be limited to presentation of testimony concerning his general reputation in the community with regard to such traits as non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order." *Id.* at 1078 (citations omitted).

¶ 23 Our review of the record in the instant case reveals that on April 25, 2002, Lauro filed two affidavits of character witnesses, Aaron Lewis ("Lewis") and Jeff Goffman ("Goffman"). The affidavit of Lewis stated that he would have testified that he knew Lauro for several years, that he conducted numerous business and personal matters with Lauro during which Lauro conducted himself with integrity and honesty, and that Lauro and his children appeared to have a normal relationship. Affidavit of Aaron Lewis, 4/25/02. The affidavit of Goffman stated that he would have testified that he knew Lauro for approximately one year, that he employed Lauro, and that Lauro is reliable and trustworthy. Affidavit of Jeff Goffman, 4/25/02. Since Lewis and Goffman's testimony would not have been limited to testimony concerning Lauro's general reputation in the community, it would not have been admissible. *See Luther*, 463 A.2d at 1077–78.[13] Therefore, since this claim lacks arguable merit, PCRA counsel was not ineffective for failing to call these

---

13. The same is true with respect to the "testimony" of the other alleged "character" witnesses which Lauro proffered in his PCRA petition. PCRA Petition, 11/27/00, at 54–55.

witnesses at the PCRA hearing.[14]

## III. CONCLUSION

¶ 24 The PCRA court's findings are supported by the record and free of legal error. Relief was properly denied. Moreover, Lauro is entitled to no relief in his claim of PCRA counsel's ineffective assistance in failing to present character witnesses.

¶ 25 Order affirmed.

---

**14.** We note that PCRA counsel did call one alleged character witness. The PCRA court determined that this witness did not provide appropriate character testimony and rejected this claim. Opinion, 12/28/01, at 8. We agree with this determination by the PCRA court.