J-S55021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL P. CASEY, | : | |
| | : | |
| Appellant | : | No. 3256 EDA 2013 |

Appeal from the Judgment of Sentence Entered September 20, 2013,
In the Court of Common Pleas of Monroe County,
Criminal Division, at No. CP-45-CR-0001334-2012.

BEFORE:  BOWES, SHOGAN and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 24, 2014**

Appellant, Daniel P. Casey, appeals from the judgment of sentence entered after a jury convicted him of assault and related crimes charged on two informations that were joined before trial.  We affirm.

The trial court[1] summarized the evidence of the assaults as follows:

> In the incident filed at 1334 CR 2012, the affiant spoke to the victim who reported that [Appellant] came home after drinking and became upset when he found his property outside on the porch.  Soon thereafter [Appellant] began to assault the victim as she was bringing [Appellant's] property back into the residence.  The victim stated that [Appellant] smashed a mirror over his [own] head and hit his head on the door.  [Appellant] fled when a neighbor came to help the victim.

---

[1]  The Honorable Stephen M. Higgins denied Appellant's motion to sever the two cases.  The Honorable Margherita Patti-Worthington presided over Appellant's trial and sentencing.

In the incident filed at 2526 CR 2012, the affiant spoke to the victim, a subsequent paramour of [Appellant], who stated that on October 27, 2012 she was involved in a quarrel with [Appellant] after he accused her of lying. At some point [Appellant] held the victim captive in her apartment. [Appellant] assaulted the victim by striking her in the face. [Appellant] also used pressure points under the victim's nose to cause her to lose consciousness. The victim escaped after [Appellant] fell asleep.

Trial Court Opinion, 4/26/13, at 5.

The trial court summarized the procedural history as follows:

On August 13, 2012, in the case docketed 1334 CR 2012, the Commonwealth filed an Information charging the Appellant with Simple Assault and Harassment.

On January 22, 2013, in the case docketed 2526 CR 2012, the Commonwealth filed an Information charging the Appellant with Aggravated Assault, Attempted Aggravated Indecent Assault, Unlawful Restraint, Indecent Assault without Consent, Indecent Assault by Forcible Compulsion, False Imprisonment, Simple Assault, and Kidnapping.

That same day the Commonwealth filed a Notice of Joinder for both cases.

On January 13, 2013, the Appellant filed a Motion to Sever.

On March 14, 2013, the Commonwealth filed a Notice of Prior Bad Acts evidence.

On March 28, 2013, the Appellant filed a brief in support of his Motion to Sever. On April 4, 2013, the Commonwealth filed a brief in opposition.

On April 26, 2013, the Honorable Judge Stephen M. Higgins entered an opinion and order denying the Appellant's Motion to Sever.

On June 18, 2013, the Appellant filed a Motion in Limine seeking to bar introduction of certain prior bad acts.

On June 20, 2013, a jury found that the Appellant was not guilty of Aggravated Indecent Assault, but convicted the Appellant of all other charges.

On September 20, 2013, we sentenced the Appellant [to incarceration for an aggregate term of 111 to 240 months].

On September 26, 2013, the Appellant filed a [post-sentence] Motion for Reconsideration of sentence.

On October 29, 2013, we denied the Appellant's Motion for Reconsideration.

Trial Court Opinion, 1/17/14, at 1–2.

This appeal followed on November 26, 2013. Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant presents a single question for our consideration:

Was [Appellant] prevented from having a fair trial when the Court joined his two cases when the cases were joined solely for the purpose of demonstrating a propensity toward assaultive behavior and was more prejudicial than probative?

Appellant's Brief at 4.

Our standard of review is well-settled: "Whether to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof, or prejudice and clear injustice to the defendant." *Commonwealth v. Armstrong*, 74 A.3d 224, 233 (Pa. Super. 2013) (quoting *Commonwealth v. Wholaver*, 989 A.2d 883, 898 (Pa. 2010)).

In Pennsylvania, the joinder of informations is rule-based:

**(A) Standards**

(1) Offenses charged in separate indictments or informations may be tried together if:

(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1)(a) and (b). Additionally, "[t]he court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583.

Here, the Commonwealth advocated joinder on the basis of judicial economy. Brief for Joinder, 4/4/13, at 3. Additionally, the Commonwealth argued that evidence of each incident would be admissible in a separate trial for the other to prove intent, a common scheme, motive, *i.e.*, alcohol-fueled jealousy, lack of mistake or accident, and to disprove self-defense.[2] *Id.* at 4. Conversely, Appellant requested severance of the two cases because "it would be prejudicial . . . to have them tried together and is offered solely to prove [his] propensity toward assaultive behavior." Motion to Sever,

---

[2] Appellant attempted to persuade the jury that the victims were the initial aggressors. N.T., 6/19/13, at 205, 228; N.T., 6/20/13, at 11, 19–20, 34–35, 37–38, 41, 47–48, 74–78.

3/28/13, at 2. Agreeing with the Commonwealth, the trial court denied Appellant's motion to sever on the basis that the evidence of each incident would be admissible in a separate trial to prove motive. Trial Court Opinion, 4/26/13, at 4–6.

Considering Rules 582 and 583 together, our Supreme Court set forth the following three-part test for deciding a motion to sever:

> Where the defendant moves to sever offenses not based on the same act or transaction that have been consolidated in a single indictment or information, or opposes joinder of separate indictments or informations, the [trial] court must ... determine: [1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, [3] whether the defendant will be unduly prejudiced by the consolidation of offenses.

*Commonwealth v. Collins*, 703 A.2d 418, 422 (Pa. 1997) (quoting *Commonwealth v. Lark*, 543 A.2d 491, 496–497 (Pa. 1988)). *See also Commonwealth v. Newman*, 598 A.2d 275 (Pa. 1991) (affirming denial of motion to sever under predecessor to Pa.R.Crim.P. 583, where evidence of two similar rapes that occurred eighteen months apart would have been admissible in separate trials to prove common design, evidence was easily capable of separation by jury, and joinder of trials would not prejudice defendant).

Upon review, we discern a commonality of roles and circumstances attending the instant offenses and prior bad acts that supports joinder of the

offenses. ***See Commonwealth v. Newman***, 598 A.2d 275, 278 (Pa. 1991) ("Consolidation of indictments requires only that there are shared similarities in the details of each crime."). Moreover, although there was a lapse of five months between the two assaults, that fact does not render severance necessary. ***Accord Commonwealth v. Donahue***, 549 A.2d 121 (Pa. 1988) (affirming holding in ***Commonwealth v. Shively***, 424 A.2d 1257 (Pa. 1981), that remoteness in time between distinct offenses is factor to consider in determining whether admission of evidence of prior crime tends to show that same person committed both crimes).

Specifically, the record reveals that Victim I and Victim II were girlfriends of Appellant and acquaintances. N.T., 6/19/13, at 32, 72, 78–79, 155. The first assault occurred in Victim I's apartment, which she shared with Appellant; the second, in Victim II's duplex, which she shared with Appellant. ***Id.*** at 32, 155, 11. Leading up to each assault, Appellant had been drinking heavily and accused each victim of infidelity. ***Id.*** at 34–37, 158, 161–162. Appellant terrorized each victim by physically restraining her, choking her, and applying pressure to her mouth or nose. ***Id.*** at 37–52, 165, 172, 177.

Prior to and during the assaults, the victims witnessed Appellant physically injure himself; they knew him to be destructive, violent, and suicidal. ***Id.*** at 70–72, 159–160, 162–164, 166–167, 170. Shortly before

his assault on the first victim, Appellant slammed his head into her door three times, knocking himself unconscious; during the assault, he broke two 12"x12" decorative mirrors over his head. *Id.* at 166–167. During a previous argument with the second victim, Appellant punched himself in the face, giving himself a black eye, and he smashed a television remote over his head; another time, Appellant held a gun to his head and "pulled the trigger but the gun didn't go off." N.T., 6/19/13, at 70–72, 105. The first victim testified that, during a previous assault, Appellant bit her on her upper breast area, underneath her armpit. *Id.* at 169, 173. Similarly, the second victim testified that, during the assault, Appellant bit her on her thigh and on her side. *Id.* at 95. Both victims testified that Appellant used pressure points on them to intimidate, inflict pain, and demand compliance. *Id.* at 38–39, 41, 47, 176.

Based on the foregoing, we agree with the Commonwealth that evidence of each assault would have been admissible in a separate trial for the other assault to prove motive, intent, common design, lack of self-defense, mistake or accident. Thus, we conclude that the first prong of the test for severance was satisfied. *Accord Commonwealth v. Smith*, 47 A.3d 862 (Pa. Super. 2012), *appeal denied*, 60 A.3d 536 (Pa. 2013) (holding that sufficient similarities existed between two alleged rapes to support joinder where both victims were twelve years old, had close relationship to

defendant, were assaulted where the victim was residing, reported the assault involved vaginal sex, knew the defendant through involvement in martial arts, were told by defendant that he had "feelings" for them, and were assaulted by defendant within period of two months).

Next, we address whether the evidence of the distinct offenses was capable of separation by the jury so there was no danger of confusion. Upon review, we observe that, although marked similarities between the two incidents existed, the evidence regarding each offense was easily distinguishable insofar as each incident involved a different girlfriend, occurred in a different place, lasted for different durations, and resulted in different levels of assault. The evidence was, therefore, easily capable of separation by the jury both during trial and during deliberations. Thus, we conclude that the second prong of the test for severance was satisfied. *Accord Armstrong*, 74 A.3d 228, 234 (Pa. Super. 2013) (holding that the distinct locations and victims rendered evidence of the two offenses "capable of separation by the jury so that there is no danger of confusion").

Lastly, we address whether the danger of prejudice to Appellant outweighed the benefit of consolidation of the offenses at trial. We have explained that the prejudice alleged must be such as would occur "if the evidence tended to convict the appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the

evidence or could not avoid cumulating the evidence." ***Commonwealth v. Lauro***, 819 A.2d 100, 107 (Pa. Super. 2003) (quoting ***Collins***, 703 A.2d at 422). Such prejudice, however, must exceed "the general prejudice any defendant suffers when the Commonwealth's evidence links him to a crime." ***Id.***; ***Lark***, 543 A.2d at 499.

Our review of the record reveals no danger of prejudice. The evidence would not tend to convict Appellant by showing his propensity to commit crimes, but by establishing motive, intent, common design, lack of self-defense, mistake, or accident. Moreover, the evidence was capable of separation by the jury so there was no possibility of confusion. ***Collins***, 703 A.2d at 422. Appellant's claim of prejudice based on a danger that the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of Appellant "is merely a generalized restatement of the law, and speculative at best." ***Armstrong***, 74 A.3d at 234. Accordingly, we discern no abuse of discretion by the trial court in permitting joinder where the Commonwealth demonstrated a "high correlation in the details of the crimes that [prove] that the defendant committed one makes it very unlikely that anyone else but the defendant committed the others." ***Id.*** (citations omitted).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2014