J-S26019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MELVIN BLAMO, | : | |
| | : | |
| Appellant | : | No. 1519 EDA 2013 |

Appeal from the PCRA Order Entered April 26, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0704391-2006.

BEFORE:  BENDER, P.J.E., SHOGAN and FITZGERALD*, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 27, 2014**

Appellant, Melvin Blamo, appeals from the denial of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

We previously summarized the relevant facts and procedural history of this appeal as follows:

> In 2005, Charles Yancy ("Co-defendant") took funds from the checking account of Alhaji Tholley.  On June 22, 2006, Co-defendant, Appellant, and approximately ten cohorts confronted Mr. Tholley at a local park.  The men approached Mr. Tholley, surrounded him, and brandished firearms.  Co-defendant warned Mr. Tholley not to appear in court to testify against Co-defendant in the theft case.  Following this warning, the men beat Mr. Tholley.  Mr. Tholley's friend, Amara Dukaray, unsuccessfully attempted to intervene.  At that point, Mr. Tholley and Mr. Dukaray fled.  During their flight, one of the assailants drew his weapon, opened fire, and shot Mr. Dukaray in the back.  Mr. Dukaray required hospitalization for his injuries.

_____
*Former Justice specially assigned to the Superior Court.

Appellant and Co-defendant proceeded to a joint trial on May 20, 2009.[2] Following jury selection, the Commonwealth informed the court that it could not locate Mr. Tholley, and it did not expect him to appear at trial. Consequently, the Commonwealth asked to introduce Mr. Tholley's testimony from Appellant's and Co-defendant's preliminary hearings. After receiving evidence regarding the Commonwealth's efforts to locate Mr. Tholley, the court permitted the introduction of Mr. Tholley's preliminary hearing testimony. On May 21, 2009, Commonwealth witnesses read Mr. Tholley's preliminary hearing testimony into the record. Mr. Tholley surprised everyone and actually appeared at trial to testify in person on May 22, 2009. At the conclusion of trial, the jury found Appellant guilty of aggravated assault, retaliation against a witness, intimidation of a witness, and conspiracy.

> [2] Co-defendant absconded prior to the start of trial, and the court tried him in *absentia*.

On June 30, 2009, the court sentenced Appellant to an aggregate term of one hundred twenty-three (123) to three hundred sixty (360) months of imprisonment. Appellant timely filed a motion for reconsideration of sentence on July 7, 2009. Thereafter, Appellant obtained new counsel. On August 31, 2009, new counsel filed a supplemental post-sentence motion on Appellant's behalf. In the supplemental motion, new counsel alleged trial counsel was ineffective for failing to present character witnesses. The court subsequently determined the ineffectiveness challenge should be deferred to collateral review. By order entered December 7, 2009, Appellant's motion for reconsideration of sentence was denied by operation of law.

Appellant timely filed a notice of appeal on December 31, 2009. On January 21, 2010, the court ordered Appellant to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant subsequently complied with the court's order.

*Commonwealth v. Blamo*, 29 A.3d 826, 43 EDA 2010 (Pa. Super. 2011) (unpublished memorandum at 1–3). We affirmed the judgment of sentence on April 8, 2011.

Appellant filed a counseled petition pursuant to the PCRA on May 7, 2012, which, after notice, the PCRA court dismissed without a hearing on April 26, 2013. Appellant filed a timely notice of appeal. The PCRA court directed Appellant to file a concise statement of the errors complained of on appeal within twenty-one days of the date of the order pursuant to Pa.R.A.P. 1925(b), or by July 15, 2013. The record certified to us on appeal revealed that while no such statement was filed or docketed, it appeared that a Rule 1925(b) statement had been served upon the Philadelphia District Attorney on July 15, 2013. Thus, on July 11, 2014, this Court directed Appellant to file of record the Rule 1925(b) statement previously served on the Commonwealth. The resulting supplemental record was then certified and transmitted to this Court.

Appellant raises the following single issue on appeal:

> The P.C.R.A. court erred by dismissing appellant[']s claim that he was afforded ineffective assistance of trial counsel whose decision to forego the presentation of readily available character witnesses was objectively unreasonable and prejudiced appellant.

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the findings of the PCRA court are supported by the record and are free of legal error. ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011); ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). It is the appellant's burden to prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated circumstances found in 42 Pa.C.S.A. § 9543(2). The PCRA court's credibility determinations, when supported by the record, are binding on this Court. ***Spotz***, 18 A.3d at 259.

Counsel is presumed effective, and Appellant bears the burden of proving counsel's ineffectiveness. ***Commonwealth v. Koehler***, 36 A.3d 121, at 132 (Pa. 2012). To rebut that presumption, Appellant must demonstrate that counsel's performance was deficient and the deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 687–691 (1984). Our Supreme Court has characterized the ***Strickland*** standard as tripartite. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). Thus, to prove ineffective assistance of counsel, Appellant must demonstrate that: (1) the underlying issue has arguable merit; (2) counsel's performance lacked an objective reasonable basis; and (3) Appellant was prejudiced by counsel's act or omission. ***Koehler***, 36 A.3d at 132. Moreover, counsel

cannot be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Harris*, 852 A.2d 1168, 1173 (Pa. 2004).

"Where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Koehler*, 36 A.3d at 132 (quoting *Commonwealth v. Colavita*, 993 A.2d 874 (Pa. 2010)). "To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." *Commonwealth v. Ly*, 980 A.2d 61, 73 (Pa. 2009). A court is not required to analyze the elements for a claim of ineffective counsel in any particular order; "if a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first." *Koehler*, 36 A.3d at 132.

To succeed on a claim of trial counsel's ineffectiveness for failing to present the testimony of witnesses, Appellant must show that:

> (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on the petitioner's behalf; and (5) the absence of the testimony prejudiced the petitioner. *Commonwealth v. Miller*, 868 A.2d 578, 581-82 (Pa. Super. 2005) (quotation omitted).

*Commonwealth v. Hammond*, 953 A.2d 544, 556 (Pa. Super. 2008).

> "Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the

particular trait or traits of character involved in the commission of the crime charged." **Commonwealth v. Luther**, 317 Pa. Super. 41, 463 A.2d 1073, 1077 (1983) (citations omitted). "Such evidence must relate to a period at or about the time the offense was committed . . . and must be 'established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor.'" **Id**. at 1077-78 (citations omitted) (emphasis in original).

**Commonwealth v. Lauro**, 819 A.2d 100, 109 (Pa.Super. 2003). Failure to advise a defendant regarding character testimony is not "per se" ineffectiveness. **Id**.

The PCRA Court has filed a sufficient and complete analysis of the issue presented on appeal in its Pa.R.A.P. 1925(a) opinion, and we rely upon it in affirming this case. We supplement that decision in one minor respect. In his PCRA petition filed on May 7, 2012, Appellant avers that "his only defense" was character evidence, PCRA petition, 5/7/12, at unnumbered 3, and he cites this contention as support for his claim that he was prejudiced by counsel's failure to present character evidence. Appellant's Brief at 17. Our review of the trial testimony, however, discloses a vigorous defense that Appellant was "merely present" but did not participate in the assault on the victim. N.T., 5/22/09, at 28–46. Indeed, in his appellate brief, Appellant suggests the character evidence "would have bolstered" Appellant's defense. Appellant's Brief at 8.

As noted above, the PCRA court has completely addressed the issue Appellant presented in his petition, and we adopt its reasoning as our own. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA :
: CP-51-CR-0704391-2006
:
**FILED** :
v. :
JUL 18 2013 : SUPERIOR COURT
Criminal Appeals Unit : 1519 EDA 2013
MELVIN BLAMO First Judicial District of PA :
:



CP-51-CR-0704391-2006 Comm. v. Blamo, Melvin
Opinion

O P I N I O N

7043081241

CHRIS R. WOGAN, J.

Procedural Posture

The Superior Court set out the facts and procedural history of this case as

follows in defendant's direct appeal to that court:

In 2005, Charles Yancy ("Co-defendant") took funds from the checking
account of Alhaji Tholley. On June 22, 2006, Co-defendant, Appellant,
and approximately ten cohorts confronted Mr. Tholley at a local park.
The men approached Mr. Tholley, surrounded him, and brandished
firearms. Co-defendant warned Mr. Tholley not to appear in court to
testify against Codefendant in the theft case. Following this warning, the
men beat Mr. Tholley. Mr. Tholley's friend, Amara Dukaray,
unsuccessfully attempted to intervene. At that point, Mr. Tholley and
Mr. Dukaray fled. During their flight, one of the assailants drew his
weapon, opened fire, and shot Mr. Dukaray in the back. Mr. Dukaray
required hospitalization for his injuries.
Appellant and Co-defendant proceeded to a joint trial on May 20,

1

2009.[1] Following jury selection, the Commonwealth informed the court that it could not locate Mr. Tholley, and it did not expect him to appear at trial. Consequently, the Commonwealth asked to introduce Mr. Tholley's testimony from Appellant's and Co-defendant's preliminary hearings. After receiving evidence regarding the Commonwealth's efforts to locate Mr. Tholley, the court permitted the introduction of Mr. Tholley's preliminary hearing testimony. On May 21, 2009, Commonwealth witnesses read Mr. Tholley's preliminary hearing testimony into the record. Mr. Tholley surprised everyone and actually appeared at trial to testify in person on May 22, 2009. At the conclusion of trial, the jury found Appellant guilty of aggravated assault, retaliation against a witness, intimidation of a witness, and conspiracy.

On June 30, 2009, the court sentenced Appellant to an aggregate term of one hundred twenty-three (123) to three hundred sixty (360) months of imprisonment. Appellant timely filed a motion for reconsideration of sentence on July 7, 2009. Thereafter, Appellant obtained new counsel. On August 31, 2009, new counsel filed a supplemental post-sentence motion on Appellant's behalf. In the supplemental motion, new counsel alleged trial counsel was ineffective for failing to present character witnesses. The court subsequently determined the ineffectiveness challenge should be deferred to collateral review. By order entered December 7, 2009, Appellant's motion for reconsideration of sentence was denied by operation of law.

See Commonwealth v. Melvin Blamo, No. 43 EDA 2010, Superior Court Opinion filed April 8, 2010.

Defendant's sentence was affirmed on direct appeal, as cited above.

On May 7, 2012, PCRA counsel Wayne Sachs, Esquire. Filed a "Petition For And Consolidated Memorandum Of Law In Support Of...Post-Conviction Relief Under 42 P.A.C.S. Section 9541, *et. seq.*" On September 28, 2012, the Commonwealth filed its Motion to Dismiss. On March 5, 2013, this court sent defendant a Notice pursuant to Pa.R.Crim.P. 907, that the issues raised in his PCRA Petition were

---

[1] Co-defendant absconded prior to the start of trial, and the court tried him *in absentia.*

without merit. On April 26, 2013, this court formally dismissed defendant's PCRA Petition.

On May 23, 2013, defendant filed his Notice of Appeal, represented by Wayne Sachs, Esquire. On June 24, 2013, this court ordered defendant to file a 1925(b) Statement of Matters Complained of on Appeal.

## Discussion

Defendant claimed in his PCRA Petition that trial counsel, Lawrence Welsh, Esquire, failed to present testimony of readily available character witnesses based on counsel's misunderstanding of applicable law. Defendant's entire claim rests on his interpretation of the law that the Commonwealth may only cross-examine a character witness, countering testimony of peaceful non-violent behavior of defendant at the time of the underlying crime, with a separate crime committed by defendant before the underlying crime and for which he had already been convicted and sentenced before the underlying offense was committed. This reading amounts to a windfall for defendant, is contrary to the truth-determining process at trial, and is not support by the cases cited by defendant.

As the Commonwealth correctly noted, *Commonwealth v. Ross*, 856 A.2d 93 (Pa.Super. 2004) "was concerned with whether the judgments used to impeach were final **at the time of trial**. 856 A.2d at 97-98 (holding use of one-day old convictions to impeach character witnesses was impermissible because the convictions were

3

unsentenced at time of trial; relying on *Commonwealth v. Zapata*, 314 A.2d 299 (Pa. 1974), which held trial counsel was ineffective for revealing his client's two prior convictions for voluntary manslaughter when the client had not yet been sentenced at the time of trial)." "[T]he Commonwealth could have used defendant's most serious prior judgments to impeach any character testimony as to his non-violent and law-abiding character." As the Commonwealth set out: "Defendant was sentenced on those judgments—guilty pleas to charges of unauthorized use of a motor vehicle, disorderly conduct and driving without a license—on May 30, 2007, about two years before his trial in this case." See Commonwealth Motion to Dismiss, p. 5. And, as the Commonwealth notes, "[these] judgments also meet the requirements of...*Commonwealth v. Nellom*, 565 A.2ed 770 (Pa.Super. 1989)...require[ing] that convictions introduced to impeach a character witness have been committed prior to the offense for which the defendant is currently on trial. Here the prior judgments in question stemmed from a prosecution that commenced with an arrest on December 22, 2005, several months before the beating and shooting that led to defendant's judgments in this case." *Nellom*, at 774 (bold emphasis added)("witness should be subject to cross-examination only about convictions that **arose out of** offenses occurring *prior to* the commission of the alleged offense."[2] Therefore, it was

---

[2]    Under Rule 405, Methods of Proving Character:

(a) Reputation evidence. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation.

4

reasonable for defense counsel to forego producing character testimony on behalf of defendant since his prior convictions could have been introduced to impeach the witnesses. See Commonwealth v. Judd, 897 A.2d 1224, 1232-1233 (Pa.Super. 2006)(appellant's "more recent convictions for simple assault, reckless endangerment, and driving under the influence" admissible; if appellant "presented character evidence to establish that he was a non-violent person, the Commonwealth would be allowed to present evidence of his more recent prior convictions").

Nevertheless, defendant was not entitled to PCRA relief on this ineffectiveness claim because he cannot prove he was prejudiced by the absence of character testimony at trial. As the Commonwealth pointed out, "[a]lthough character testimony is theoretically sufficient by itself to create reasonable doubt, it is rarely sufficient in practice. See e.g., Commonwealth v. Cull, 688 A.2d 1191, 1197 (Pa.Super. 1997)(appellant failed to establish prejudice for not calling character witnesses where evidence established his guilt of crimes charged)..." Defendant cannot demonstrate at the PCRA level that he was prejudiced by any lack of character testimony where the Commonwealth presented testimony at trial from one of the gunshot victims, Amara Dukaray (who personally knows defendant), that defendant was involved in the altercation leading to the shooting, and defendant had a gun (N.T. 5/20/09, p. 94-

---

On cross-examination of the reputation witness, inquiry is allowable into specific instances of conduct probative of the character trait in question, except that in criminal cases inquiry into allegations of other criminal misconduct of the accused **not resulting in conviction is not permissible.**
See Pa.R.E. 405 (bold emphasis added).

179). Police statements by both victims that defendant committed the crime, other documentary evidence of the crime, police testimony, and forensic evidence was also presented at trial. See "*Commonwealth v. Kimball*, 724 A.2d 326 (Pa. 1999)(prejudice requires a showing that, but for counsel's faulted action or omission, there exists a reasonable probability that the outcome would have been different)[ ]", *citing* Commonwealth's Motion to Dismiss, p. 6. Defendant did not demonstrate that there exists a reasonable probability that the outcome would have been different if counsel had called character witnesses considering the evidence of guilt presented at trial. Therefore, his PCRA ineffectiveness claim does not entitle him to post-conviction relief.[3]

## Conclusion

Defendant's PCRA ineffectiveness claim is meritless. Defendant's sentences should remain.

BY THE COURT:

_____

CHRIS R. WOGAN, J.

---

[3]    Summary dismissal of PCRA Petition appropriate if claims are without merit. See Commonwealth v. Payne, 794 A.2d 902, 906 (Pa.Super. 2002).