J-S76018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT THEODORE GREELEY, III | |
| Appellant | No. 835 WDA 2014 |

Appeal from the PCRA Order April 24, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000133-2009

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.  **FILED FEBRUARY 11, 2015**

Appellant, Albert Theodore Greeley, III, appeals from the order entered by the Honorable Joseph M. George, Jr., Court of Common Pleas of Fayette County, that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  After careful review, we affirm.

According to Greeley, the underlying factual predicate of this appeal is undisputed.  *See* Appellant's Brief, at 3.

> On October 30, 2008, Trooper James Pierce observed Greeley operating a vehicle he later confirmed to be a vehicle owned by another [person.]  Pierce testified he initially approached Greeley "because he knew" Greeley did not possess a valid driver's license.
>
> Upon stopping behind Greeley's vehicle to purportedly investigate why Greeley was operating a vehicle without a driver's license and also to determine who was the owner of the vehicle, Greeley identified to the trooper that the vehicle was owned by James Silbaugh.  The trooper requested proof of

ownership and Greeley opened the passenger side of the vehicle whereupon Trooper Pierce smelled burnt marijuana emanating from inside the vehicle.

Trooper Pierce was given permission by Greeley to conduct a pat-down search of his person, wherein, Pierce discovered a small quantity of marijuana inside Greeley's pants pocket. Almost immediately thereafter, Greeley's mother-in-law and father-in-law, Darnice and Dennis Sykes, arrived at the scene. Greeley's mother-in-law walked over to Greeley and gave him a hug.

Pierce "pulled Greeley away from Mrs. Sykes" and noticed he was "holding a wad of cash in his left hand." … After separating Greeley away from Mrs. Sykes, another vehicle arrived at the scene and Mrs. Sherry Silbaugh (the wife of the putative owner of the vehicle) was approached by the trooper to obtain consent to search the vehicle Greeley had been operating.

As a result of the vehicle search, Pierce recovered from the enclosed vehicle console a plastic baggie containing a white powder later confirmed to be cocaine. The seized vegetable matter recovered from the Greeley's pants pocket was also confirmed to be marijuana.

At trial, Corporal Dennis Ulery of the Pennsylvania State Police was qualified as an expert witness. Corporal Ulery provided his opinion that the cocaine was possessed by Mr. Greeley, … with the intent to deliver for sale. … Based upon the Corporal's experience in narcotics investigations, the cash "possessed by Greeley was indicative of a drug dealer's 'stack.'" Corporal Ulery cogently testified that he was not aware that when Trooper Pierce initially patted down Greeley, Pierce did not "feel" the wad or stack of cash. Corporal Ulery also testified he was not aware of where the cocaine was located, once discovered, by Trooper Pierce.

During the course of the trial, the Commonwealth failed to produce the actual funds or wad of cash attributed to Greeley and attributed by Ulery as what "drug dealers" possess incident to distribution activity. Instead, the Commonwealth produced photographs of the cash.

> During the trial, Trooper Morrison was allowed to testify regarding the cash allegedly obtained from Greeley, in response to whether any DNA evidence was obtained from the cash, that the cash "went to forfeiture."

Appellant's Brief, at 3-5 (citations omitted). Despite a previous mistrial in this matter due to testimony that the cash had gone to forfeiture, defense counsel did not request a mistrial, and instead requested a curative instruction to the jury.

At the conclusion of the trial, the jury found Greeley guilty of possession of marijuana, and possession of cocaine with the intent to deliver. This Court subsequently affirmed the judgment of sentence, concluding that the evidence at trial was sufficient to sustain both convictions, and that Greeley's request for a new trial due to the testimony that the money had gone to forfeiture was waived.

Shortly thereafter, Greeley filed a *pro se* PCRA petition. The PCRA court appointed counsel, and an amended PCRA petition was filed. After holding hearings on the amended petition, the PCRA court denied Greeley's petition. This timely appeal followed.

On appeal, Greeley purports to raise only two issues, the ineffectiveness of trial counsel and the ineffectiveness of appellate counsel. However, each of these issues is actually merely an umbrella statement for a myriad of ineffectiveness claims for each counsel.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citation and internal quotation marks omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id*. (citation omitted). The PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations. *See Commonwealth v. Timchak*, 69 A.3d 765, 769 (Pa. Super. 2013).

To establish ineffectiveness of counsel, "a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." *Commonwealth v. Jones*, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citation omitted), *appeal denied*, 84 A.3d 1062 (Pa. 2014). Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." *Commonwealth v. Springer*, 961 A.2d 1262, 1266-1268 (Pa. Super. 2008) (citation omitted). Regarding the second requirement, if a reasonable basis exists for the particular course chosen by counsel, the inquiry ends and counsel's performance is deemed constitutionally effective. *See Commonwealth v. Lauro*, 819 A.2d 100, 106 (Pa. Super. 2003). "Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Id*.

(citation omitted). Failure to satisfy any prong of the test requires that the claim be dismissed. ***See Commonwealth v. O'Bidos***, 849 A.2d 243, 249 (Pa. Super. 2004).

With these standards in mind, we have reviewed the appellate briefs and certified record on appeal and conclude that the well-written opinion of Judge George thoroughly and adequately addresses the issues raised by Greeley in this appeal. ***See*** Trial Court Opinion, 4/24/14, at 7-18. We therefore affirm on the basis of the PCRA court's opinion.

Order affirmed. Jurisdiction relinquished.

PJE Ford Elliott joins in the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2015