J-S62035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE BLAINE MILLS, | : | |
| | : | |
| Appellant | : | No. 473 MDA 2017 |

Appeal from the PCRA Order January 18, 2017
in the Court of Common Pleas of Montour County,
Criminal Division, at No(s): CP-47-CR-0000058-2009

BEFORE:   STABILE, MOULTON, and STRASSBURGER[*], JJ

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 23, 2017**

George Blaine Mills (Appellant) appeals from the January 25, 2017 order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm, albeit on a different basis than the PCRA court.[1]

Due to the issues raised and our disposition herein, a full recitation of the factual and procedural history is unnecessary. Pertinent to this appeal, in 2009, Appellant pled guilty to, *inter alia*, involuntary deviate sexual intercourse (IDSI) which, at that time, carried a mandatory sentence of 10 to 20 years' incarceration. Appellant was sentenced on October 13, 2009, receiving an aggregate sentence of six to 15 years' incarceration.

---

[1] It is well-settled that this Court may affirm a trial court's decision on any basis. ***See Commonwealth v. Lauro***, 819 A.2d 100, 105 n.8 (Pa. Super. 2003).

[*]Retired Senior Judge assigned to the Superior Court.

On February 8, 2011, this Court affirmed Appellant's judgment of sentence, and Appellant's petition for allowance of appeal was denied by our Supreme Court on August 23, 2011. **Commonwealth v. Mills**, 24 A.3d 447 (Pa. Super. 2011), appeal denied, 27 A.3d 224 (Pa. 2011).

This case saw no additional filings until November 11, 2016, when Appellant, through counsel, filed a PCRA petition. A hearing was held on January 18, 2017. That same day, the PCRA court dismissed Appellant's petition. Appellant *pro se* filed a notice of appeal.[2] Thereafter, the PCRA court directed Appellant to file a concise statement and Appellant complied.[3]

Although Appellant sets forth eight alleged errors on appeal for this Court's review, Appellant's issues can be consolidated into two distinct claims: (1) that Appellant's plea was unlawfully induced based upon the

---

[2] *Pro se* filings while represented by counsel constitute hybrid representation, which are generally not allowed. However, our Supreme Court has held that a *pro se* notice of appeal from a final judgment filed by a represented appellant is not automatically void. **See Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011) (holding the Superior Court erred in declining to address the merits of *pro se* appeal after subsequently-filed counseled appeal was dismissed as duplicative). Thus, we decline to dismiss this appeal for want of a counselled notice of appeal.

[3] On April 19, 2017, this Court entered an order directing counsel, who had yet to withdraw, to enter her appearance. On April 27, 2017, counsel filed a petition to withdraw. On May 2, 2017, this Court remanded the case to the PCRA court to dispose of counsel's petition. On May 16, 2017, the PCRA court permitted counsel to withdraw and appointed new counsel to assist Appellant during the duration of his appeal. Thereafter, appointed counsel filed a brief on Appellant's behalf. Although Appellant's brief was filed by counsel, the brief was purportedly written by Appellant *pro se* and he had directed counsel only to add to the brief if relevant. **See** Appellant's Brief at 6 ("This [c]counsel is attempting to make the *pro se* brief compliant with the Pennsylvania Rules of Court.").

prospect of a mandatory minimum sentence, which has since been held unconstitutional; and (2) that the trial court erred in refusing to recuse itself from Appellant's case. Appellant's Brief at 6-7.[4]

We begin our review mindful of the following. The timeliness of a post-conviction petition is jurisdictional. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that one of the following exceptions to the time for filing the petition is met:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

---

[4] We note that Appellant *pro se* filed a reply brief. We decline to review the contents of said brief because, as stated *supra*, hybrid representation is not allowed, and *pro se* filings by represented parties are considered legal nullities.

Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Moreover, "[a]ny petition invoking an exception provided in [42 Pa.C.S. § 9545(b)(1)] shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

It is clear that Appellant's 2016 petition is facially untimely: his judgment of sentence became final in 2011. However, with regard to his claim that his plea was unlawfully induced, Appellant alleges that his petition satisfies the following timeliness exceptions: "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence" and "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(ii-iii). Specifically, Appellant cites our Supreme Court's decision in *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016), and contends that he filed his petition within the necessary timeframe as cited *supra*. *See* Appellant's PCRA Petition, 11/29/2016, at 4.

With respect to this issue, Appellant avers that while he was not sentenced to a mandatory minimum, the prospect of receiving such a sentence "was used to intimidate and twist [] Appellant's arms to plead guilty for less time than the mandatory minimum sentence for [10 to 20]

years, which under [***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016)] was declared unconstitutional on [its] face." Appellant's Brief at 8.

> Furthermore, the actions taken in this matter by the Commonwealth has made the plea void in this case, violating the plea agreement in several areas of law and the plea contract for the following reasons: the mandatory minimum principles of the plea contract rest on illegal grounds and the guilty plea violates it's own terms of engaging in sentence scheme that was improper or illegal.

***Id.*** at 9.

Appellant has failed to establish that his claim meets a timeliness exception. With regards to the newly-discovered facts exception, it is well-settled that "section 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts." ***Commonwealth v. Watts***, 23 A.3d 980, 986 (Pa. 2011).

Furthermore, Appellant's reliance on ***Wolfe*** to establish an exception pursuant to 9545(b)(1)(iii) is misplaced. The ***Wolfe*** Court did not recognize a new constitutional right, let alone hold that any such right applied retroactively; rather, it merely applied ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), to hold that a particular mandatory minimum sentence not applied to Appellant was unconstitutional. More importantly, our Supreme Court has held that ***Alleyne*** "does not apply retroactively to cases pending on collateral review." ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016).

Accordingly, Appellant failed to establish the applicability of a timeliness exception, and the PCRA court properly dismissed his petition.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/23/2017</u>

---

[5] Lastly, we address Appellant's issue concerning the trial court's failure to recuse itself. Because this claim could have been raised on direct appeal but was not, this issue is waived. **See** 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").