J-S70026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
           :      PENNSYLVANIA
           :
    v.       :
           :
           :
GREGORY ALLEN BARTO   :
           :
    Appellant   :   No. 195 MDA 2017

Appeal from the PCRA Order January 17, 2017
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001173-2010

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY SHOGAN, J.:       **FILED JANUARY 24, 2018**

Appellant, Gregory Allen Barto, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1] We affirm.

In its opinion, the PCRA court set forth the relevant facts and procedural history of this matter as follows:

> [Appellant] was charged with numerous counts of sexually related crimes including but not limited to rape, sexual assault, indecent assault, unlawful contact with a minor, corruption of minors and endangering the welfare of children, as well as several counts of conspiracy to commit various additional sexual offenses.
>
> [Appellant] filed pretrial motions asserting that these offenses were barred by double jeopardy principles because they were part of the same criminal episode as offenses involving separate victims in six other cases.[1] The court denied the

---

[1] Despite seeking and receiving an extension of time in which to file a brief, the Commonwealth has failed to file a brief in this matter. Order, 8/31/17.

motions, and [Appellant] appealed. The Superior Court affirmed this court's decision in a memorandum opinion dated January 31, 2013, and the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal on July 16, 2013.

> [1] Those cases were CR-1079-2008, CR-110-2009, CR-844-2009, CR-1606-2009 and CR-1632-2009.

On July 17, 2015, [Appellant] entered a no contest plea to endangering the welfare of children, corruption of the morals of minors, conspiracy to commit indecent assault of a minor and indecent assault.[2] [Appellant's] sentencing hearing was continued several times. On June 2[2], 201[5], the court sentenced [Appellant] to two to four years of state incarceration to run entirely concurrent to the sentences that [Appellant] was already serving.[3] The sentence was in accordance with the plea agreement of the parties. [Appellant] did not appeal.

On June 23, 2016, [Appellant] filed a pro se PCRA petition. The sole issue asserted in this PCRA petition was a claim that [Appellant's] second attorney was ineffective in the manner in which he pursued [Appellant's] double jeopardy claims. The court appointed counsel to represent [Appellant] and gave counsel the opportunity to file an amended PCRA petition or a no merit letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550-[sic] A.2d 213 (Pa. Super. 1988).

After obtaining the relevant transcripts, reviewing the issue thoroughly with [Appellant] and researching the relevant law, defense counsel filed on August 31, 2016 a motion to withdraw which included a **Turner/Finley** no merit letter. Apparently, in correspondence with counsel, [Appellant] discussed an additional issue regarding the discipline of a law enforcement officer involved in his prosecution. Since counsel believed [Appellant] waived that issue by entering his plea and his double jeopardy issue lacked merit, counsel did not file an amended PCRA petition.

---

[2] 18 Pa.C.S. §§ 4304(a), 6301(a), 903(c), and 3126(a)(1), respectively.

[3] The trial court entered an amended sentencing order on June 29, 2015. The amended order did not change the aggregate sentence.

In a letter dated September 15, 2016 to this court, [Appellant] disputed PCRA counsel's analysis of his issue related to the law enforcement officer, Trooper Douglas Sversko.

After an independent review of the record, in an Opinion and Order dated December 21, 2016, the court granted PCRA counsel leave to withdraw and gave [Appellant] notice of its intent to dismiss his PCRA petition without holding an evidentiary hearing. The notice gave [Appellant] twenty days to respond. The court did not receive anything from [Appellant] within the twenty day response time. Therefore, the court issued an order dismissing [Appellant's] PCRA petition.[2]

> [2] Thereafter, [Appellant] sent a letter dated January 17, 2017, which was titled as "RESPONSE TO NOTICE OF INTENT TO DISMISS." [Appellant] asserted that the Commonwealth's failure to disclose Trooper Sversko's arrest and conviction constituted a **Brady**[4] violation. He also noted that Trooper Sversko interviewed the alleged victim and gathered the Commonwealth's evidence. [Appellant] contended that "the fact that Trooper Sversko had evidence that was tampered with in his possession that he should not have had in his residence, provided powerful impeachment material for trial. Had I known about this information, which the Commonwealth still has not provided the specifics of the matter, I would not have plead (sic) no contest."

[Appellant] filed a notice of appeal.

PCRA Court Opinion, 6/5/17, at 1-3. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue:

I.  Whether Appellant's due process rights were violated when the Commonwealth failed to disclose Trooper Sversko['s] arrest and conviction for sex offenses which included tampered evidence related to Appellant's case found in

---

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

Trooper Sversko's residence in violation of <u>Brady v. Maryland</u>?

Appellant's Brief at 5 (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**.

The single claim raised in Appellant's brief is related to disclosure of information regarding Trooper Sversko's arrest and conviction. Appellant's Brief at 5. In his PCRA petition filed June 23, 2016, however, Appellant presented the following single claim:

> Claim I.
> Trial counsel was ineffective for failure to request nunc pro tunc reinstatement to file an interlocutory appeal because he was just retained and prior counsel failed to file an appeal from the denial of Petitioner's pretrial double jeopardy motion under Rule 110.

PCRA Petition, 6/23/16, at 3. Thus, Appellant failed to raise the issue regarding Trooper Sversko in his PCRA petition.

As our Supreme Court has explained: "Any claim not raised in the PCRA petition is waived and not cognizable on appeal." **Commonwealth v. Washington**, 927 A.2d 586, 601 (Pa. 2007); **see also** Pa.R.A.P. Rule 302 (stating "issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, because Appellant did not raise this issue in his PCRA petition, we cannot consider it on appeal. **See**

*Commonwealth v. Lauro*, 819 A.2d 100, 103 (Pa. Super. 2003) ("issues not raised in a PCRA petition cannot be considered on appeal.").

Moreover, the fact that Appellant asserted this issue in his January 17, 2017 response to the PCRA court's notice of intent to dismiss does not preserve the issue. As this Court has explained:

> The purpose behind a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to "discern the potential for amendment." The response is not itself a petition and the law still requires leave of court to submit an amended petition. Hence, we conclude that a response to a notice of intent to dismiss is not a second or subsequent petition.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012) (internal citations omitted). Appellant did not seek leave of court to file an amended petition, nor did he file an amended petition including this claim. Accordingly, Appellant's issue is waived as it was not raised in his PCRA petition or in an amended petition.

Additionally, Appellant's *pro se* September 15, 2016 letter filed in response to counsel's petition to withdraw does not preserve the issue Appellant raises on appeal. In his letter, Appellant asserted that counsel should not have entertained a plea for Appellant without bringing the matter involving Trooper Sversko "to [the PCRA court] via a pretrial motion." Letter, 9/15/16, at 1. Appellant further argued that counsel was ineffective for failing

- 5 -

to investigate the matter to determine why the Commonwealth failed to disclose this information. *Id.* Thus, Appellant's claim raised in his September 15, 2016 letter constitutes a claim of ineffective assistance of counsel and differs from the issue raised in his appellate brief before this Court.[5] Moreover, had this issue not been waived, we would conclude that it lacked merit for the reasons outlined by the PCRA court. PCRA Court Opinion, 6/5/17, at 4-7.

    Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2018

---

[5] The PCRA court addressed this issue in its opinion and order providing notice of its intent to dismiss. PCRA Opinion and Order, 12/21/16, at 8-10.