J-S75014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MALIK CRAIG | : | |
| | : | |
| Appellant | : | No. 1728 EDA 2017 |

Appeal from the Judgment of Sentence December 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008907-2015
CP-51-CR-0008908-2015
MC-51-CR-0016873-2015,
MC-51-CR-0016874-2015

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **FILED JUNE 21, 2019**

Malik Craig appeals from the judgment of sentence entered following his conviction of third-degree murder and related offenses. Craig argues the trial court erred by denying his request to instruct the jury on voluntary manslaughter and by granting the Commonwealth's motion to consolidate his cases. Further, Craig contends his convictions were against the weight and sufficiency of the evidence presented at trial. We affirm.

On June 2, 2015, Craig was arrested and charged with third-degree murder and possessing an instrument of crime at CP-51-CR-0008907-2015 as well as simple assault and recklessly endangering another person at CP-51-CR-0008908-2015.  These charges arose from the assault of Russell Davis and shooting death of Nacear Gredic on May 25, 2015. Prior to trial, the

Commonwealth filed a motion to consolidate these two cases. Craig filed a response opposing the motion to consolidate, arguing that the presentation of evidence from the other case would be unduly prejudicial.

The consolidated cases proceeded to jury trial. At trial, the Commonwealth presented the following evidence. On the evening of May 25, 2015, Gredic and his friends were congregating on 65th and Elmwood Streets in Philadelphia. At some point, Gredic and his friend, Harish Ellison, decided to go to Ellison's house for something to eat. In order to get to Ellison's house, Gredic and Ellison walked by Connell Park where a group of people were gathered. Ellison testified that Gredic appeared uneasy about the unfamiliar group and turned to walk away, but before he could, Ellison heard several gunshots and Gredic collapsed. Despite efforts to save him, Gredic ultimately died of two gunshot wounds to the back.

After identifying Craig as a suspect in Gredic's death, the police brought Craig in for an interview. Craig informed Detective Burke that the story started in the afternoon with a fight at Connell Park. Craig's nephew, Ramier Poindexter, came into conflict with the mother of his nephew's son, Priscilla Destouet, and Destouet's boyfriend, Russell Davis. Craig claimed he attempted to defuse the situation, but failed.

Craig explained that when Poindexter heard that Destouet and Davis were back at the park that night, the two went to confront them. Craig did not see either Davis or Destouet when he arrived at the park; however, he got into a fight with a man on a bicycle. Craig claimed that at some point

during the altercation, the man on the bicycle called to his friend, Gredic. At that time, Craig saw Gredic running towards him with a gun. Craig informed Detective Burke he fired at Gredic in self-defense before fleeing the scene.

The police recovered video surveillance from a nearby laundromat that contradicted Craig's description of the earlier incident at the park. Instead of attempting to defuse the situation, the videotape revealed that Craig broke Destouet's phone before chasing Davis, hitting him, and pointing a gun at him. This corroborated claims made by Destouet and Davis.

Craig testified on his own behalf at trial. Craig admitted that he lied to police about the initial incident at the park, but asserted that he did not lie about the events resulting in Gredic's death. Craig reiterated the version of events he previously told Detective Burke and once again claimed he killed Gredic in self-defense.

Based upon this evidence, the jury convicted Craig of third-degree murder. The court sentenced Craig to 15 to 30 years' incarceration. Craig filed a timely post-sentence motion, which the trial court denied. This timely appeal follows.

On appeal, Craig presents the following issues for our review:

1. Whether the trial court abused its discretion when it denied the appellant's request for a voluntary manslaughter charge to the jury when there was evidence on the record that this charge was warranted, resulting in substantial harm, and unfairness to [Craig].

2. Whether the trial court abused its discretion when it granted the Commonwealth's motion to consolidate two separate cases, resulting in undue prejudice to [Craig].

3. Whether the trial court abused its discretion when it admitted into evidence prior bad act evidence relating to the consolidated cases, causing undue prejudice to [Craig].

4. Whether the verdict was against the sufficiency of the evidence when the trial was fatally flawed by the trial court's failure to give a voluntary manslaughter jury charge properly requested by [Craig], causing substantial harm, undue prejudice, and unfairness to [Craig].

5. Whether the verdict was against the weight of the evidence when the trial court failed to charge the jury on [Craig's] requested manslaughter charge, resulting in substantial harm, undue prejudice, and unfairness to [Craig].

Appellant's Brief, at 4.

First, Craig challenges the trial court's failure to provide the jury with the voluntary manslaughter jury instruction. **See id**., at 4 ¶ 1, 9-10. Specifically, Craig asserts there was sufficient evidence presented at trial to warrant a voluntary manslaughter jury instruction, and the trial court's failure to provide this instruction requires a new trial. **See id**., at 9-10. However, as Craig failed to preserve this issue before the trial court, we find this issue waived on appeal.

In order to preserve a claim of error regarding the denial of a request for a jury instruction, Pennsylvania Rule of Criminal Procedure 647 requires that a party make "specific objections [] thereto before the jury retires to deliberate." Pa.R.Crim.P. Rule 647(C). "The mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from

the instructions actually given will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points." **Commonwealth v. Pressley**, 887 A.2d 220, 225 (Pa. 2005).

Here, we find no place in the record where Craig preserved his request for a jury instruction on voluntary manslaughter. While Craig included in his points for charge an instruction on voluntary manslaughter and the trial court declined to give the instruction, defense counsel failed to object to the trial court's ruling. **See** N.T., Jury Trial, 6/14/16, at 7-9, 45-46, 139. Instead, defense counsel indicated he accepted the trial court's ruling and failed to raise the issue again during the remainder of trial. **See id**., at 9 ("Trial Court: So I'm not going to give Voluntary [Manslaughter]. It's murder 1, murder 3, or not guilty. [Defense Counsel]: Okay"). As Craig failed to properly preserve this issue, any claim of error regarding the voluntary manslaughter jury instruction is waived.

Through his next two issues, Craig challenges the trial court's decision to consolidate his cases for trial. Craig asserts this consolidation provided for the admission of otherwise impermissible prior bad act evidence in violation of Pennsylvania Rule of Evidence 404(b). Craig asserts the trial court's error resulted in undue prejudice.

"Whether to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof, or prejudice and clear injustice to the defendant." **Commonwealth v.**

*Wholaver*, 989 A.2d 883, 898 (Pa. 2010) (citation omitted). The "[a]ppellant bears the burden of establishing such prejudice." *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1282 (Pa. Super. 2004) (*en banc*) (citation omitted). Under Pennsylvania law, offenses may be tried jointly under the following circumstances:

> (1)    Offenses charged in separate indictments or informations may be tried together if:
>
> (a)    the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
>
> (b)    the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. Rule 582(A). If the requirements outlined above are met, the trial court must then consider whether consolidation would unduly prejudice the defendant. *See Commonwealth v. Thomas*, 879 A.2d 246, 260 (Pa. Super. 2005) (citation omitted).

Here, the trial court consolidated Craig's cases pursuant to Rule 582(A)(1)(a). Specifically, the trial court found that the evidence in the two cases was admissible in a consolidated trial under the "*res gestae*" exception to Pa.R.E. 404(b), that the jury could easily separate the evidence for the offenses as it relates to two different victims, and that the probative value of the evidence of the other offense outweighed any danger of unfair prejudice. *See* Trial Court Opinion, filed 1/16/18, at 12-13.

Pennsylvania Rule of Evidence 404(b) provides that evidence of other criminal behavior is not admissible to demonstrate a propensity to commit crime. **See** Pa.R.E. 404(b)(2). However, it may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity[,] or absence of mistake or accident so long as the probative value of the evidence outweighs its prejudicial effect." **Commonwealth v. Smith**, 47 A.3d 862, 867 (Pa. Super. 2012) (citing Pa.R.E. 404(b)(3)). Additionally, evidence of other criminal behavior is admissible under the "same transaction" or "*res gestae*" exception. **Commonwealth v. Brown**, 52 A.3d 320, 326 (Pa. Super. 2012) (citation omitted). This exception applies to prior bad acts "which are so clearly and inextricably mixed up with the history of the guilty act itself as to form part of one chain of relevant circumstances, and so could not be excluded on the presentation of the case before the jury without the evidence being rendered thereby unintelligible." **Id**., at 330-331 (emphasis omitted).

The charges levied against Craig were clearly part of a chain of events. As Craig explained to Detective Burke, he went to the park in the afternoon due to a dispute between Destouet, Davis, and Poindexter. This is when the events forming the basis of his simple assault and possessing an instrument of crime charges at docket number CP-51-CR-0008908-2015 occurred. Craig returned to Connell Park that night to confront Davis because of the earlier incident. Once at the park, he shot and killed Gredic – this act forms the basis of his charges at docket number CP-51-CR-0008907-2015.

These events occurred during the course of one day, were investigated together, and share a common set of characters and facts. These offenses are inextricably related and preventing the admission of one set of offenses from the trial of the other would confuse and mislead the jury. Therefore, we agree with the trial court that the offenses would be properly admitted in separate trials under the "*res gestae*" exception. **See Commonwealth v. Lark**, 543 A.2d 491, 497-498 (Pa. 1988) (evidence of "a tangled web of threats, intimidation, and criminal activity" was necessary "to 'complete the story' by demonstrating the history and natural development of the facts").

Further, Craig has not presented any coherent argument that consolidation confused the jury to the point that they were incapable of separating the offenses. Our Supreme Court has held that "where a trial concerns distinct criminal offenses that are distinguishable in time, space, and the characters involved, a jury is capable of separating the evidence." **Commonwealth v. Collins**, 703 A.2d 418, 423 (Pa. 1997) (citation omitted). The offenses here, while part of one chain of events, involved two separate incidents, at separate times, with separate victims. We find no error in the trial court's conclusion that the jury was capable of separating the offenses if the cases were consolidated for trial.

Finally, we agree with the trial court that Craig has not alleged *undue* prejudice resulting from the consolidation. The evidence admitted was relevant to the offenses charged, and highlighting the prejudice that naturally flows from the admission of relevant evidence in a criminal trial, without more,

is insufficient to deny consolidation. ***See Commonwealth v. Lauro***, 819 A.2d 100, 107 (Pa. Super. 2003) ("The admission of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial, and it is not grounds for severance by itself").  Thus, Craig's second and third issues on appeal merit no relief.

In his final two claims, Craig purports to challenge both the sufficiency and weight of the evidence underlying his convictions. In his fourth issue on appeal, Craig contends the trial court's failure to provide the jury with a voluntary manslaughter charge resulted in a verdict against the sufficiency of the evidence. Additionally, Craig utilizes this logic in his fifth issue to argue that the verdict was against the weight of the evidence. However, through his appellate brief, Craig fails to provide any argument to support these claims.

"When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). Notably, the argument portion of the appellate brief "must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Id***. (citing Pa.R.A.P. 2119(a),(b),(c))(additional citation omitted). Further, "when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***Id***. (citing Pa.R.A.P. 2101) (additional citation omitted).

Instantly, Craig fails to provide *any* argument that discusses these questions with citations to the record or to relevant case law. Instead, Craig merely contends that the sufficiency and weight of the evidence are "tainted and fatally flawed by the fact that the court denied giving a requested and merited voluntary manslaughter charge." Appellant's Brief, at 12. We cannot conduct meaningful appellate review of these issues on this basis of this statement. Accordingly, Craig's final two claims on appeal are waived.[1] ***See*** Pa.R.A.P. 2101.

Judgment of sentence affirmed.

---

[1] Moreover, even if Craig had presented proper arguments in his appellate brief, he failed to preserve either of these issues for our review. First, Craig waived his challenge to the weight of the evidence by failing to include a challenge relevant to the instant appeal in his post-sentence motion and by failing to include this issue in his Rule 1925(b) statement. ***See*** Pa.R.Crim.P. 607; ***see also Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009) (holding appellant waived his weight of the evidence claim by not raising it before the trial court); Pa.R.A.P. 1925(b)(4)(vii) (providing issues not included in Rule 1925(b) statement are waived). Additionally, while Craig included a challenge to the sufficiency of the evidence underlying his convictions in his Rule 1925(b) statement, he failed to indicate which convictions he was challenging or identify the elements he believed the Commonwealth failed to establish. ***See Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015) (failure to specify elements upon which evidence was insufficient results in waiver of sufficiency claim).

J-S75014-18

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 6/21/2019*

- 11 -