J-S35001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RODNEY JERMAINE JOHNSON | : | |
| | : | |
| Appellant | : | No. 938 MDA 2021 |

Appeal from the Order Entered July 16, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006484-2008

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED:  DECEMBER 20, 2021**

Appellant, Rodney Jermaine Johnson, appeals *pro* se from the order entered on July 16, 2021, denying his ninth, *pro se* petition filed pursuant to the Post Conviction Relief Act[1] (PCRA) as untimely.  We affirm.

We have previously set forth the facts of this case as follows:

> In the early morning hours of August 10, 2008, [Appellant] went to the home of his estranged wife, the victim, and initiated a harrowing physical and sexual assault upon her, while their three children were in the house, that lasted several hours through the night and into the next morning. At the time, an active protection from abuse ("PFA") order had been in place to protect the victim from [Appellant]. [Appellant] informed the victim that if she did not do what he wanted, that he would hurt her and their children, asleep upstairs.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S.A. §§ 9541-9546.

After several incidents of sexual abuse in the living room of her home, [Appellant] forced the victim into the basement where he again forced himself on her, yelling at her, and punching her about the head. At some point, [Appellant] attempted to stab the victim in the chest, but she was able to move and the blade went into her left shoulder. Another sexual assault followed the stabbing, and only after the victim was able to find her ACCESS 911–cellphone and charge its dead battery, was she finally able to contact police and end her ordeal; the police arrived at the residence around 10:00 a.m. When the police arrived, they had to make a forcible entry into the home because [Appellant] refused to allow them to enter; the victim was so desperate to get her children away from [Appellant] that she handed them out the window to the police, to safety. The police took [Appellant] into custody.

*Commonwealth v. Johnson*, 79 MDA 2014, at *1 (Pa. Super. Sept. 25, 2014) (quoting the trial court opinion). A jury found [Appellant] guilty of two counts of rape, two counts of involuntary deviate sexual intercourse, aggravated assault, aggravated indecent assault, and simple assault. [Appellant] was sentenced to 28 to 56 years' incarceration, and this [C]ourt affirmed the judgment of sentence. Our Supreme Court denied [Appellant's] petition for allowance of appeal on March 1, 2011. *Commonwealth v. Johnson*, 13 A.3d 991 (Pa. Super. 2010), *appeal denied*, 17 A.3d 1252 (Pa. 2011) (unpublished memorandum). [Appellant] filed numerous PCRA petitions between 2012 through 20[20], none of which merited relief. *Id.*

*Commonwealth v. Johnson*, 2020 WL 1490941, at *1 (Pa. Super. 2020) (unpublished memorandum) (original brackets and footnote omitted).

Most recently, Appellant filed a *pro se* PCRA petition, his ninth, on February 12, 2021. The PCRA court appointed counsel to represent Appellant. On April 26, 2021, by separate orders, the PCRA court granted PCRA counsel leave to withdraw and issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a

timely response to the PCRA court's Rule 907 notice. On July 15, 2021, Appellant filed a notice of appeal. The PCRA court entered an order the same day asking this Court to quash the appeal as premature, because the PCRA court had not entered a final order dismissing the PCRA petition. On July 16, 2021, however, the PCRA court entered an order and opinion dismissing the PCRA petition. By order entered on July 23, 2021, this Court concluded that the PCRA court entered a final order after Appellant filed his notice of appeal and, thus, the appeal should proceed. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). As such, this timely appeal resulted.[2]

Our standard of review of an order dismissing a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. **Commonwealth v. Brandon**, 51 A.3d 231, 233 (Pa. Super. 2012). The PCRA requires that any PCRA petition be filed within one year of the date that the petitioner's judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "This one-year limitation is jurisdictional and therefore, courts are prohibited from considering an untimely PCRA petition." **Commonwealth v. Lopez**, 249 A.3d 993, 999 (Pa. 2021) (citations omitted). Because Appellant's judgment of sentence became

---

[2] Appellant filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 3, 2021, relying upon its earlier decision filed on July 16, 2021.

final in 2011, his ninth PCRA petition is untimely on its face. "To establish the PCRA court's jurisdiction, [Appellant] must therefore plead and prove the applicability of [one of three] exception[s] to the PCRA's time bar." **Id.** *citing* 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii) (governmental interference, newly-discovered evidence, and/or newly recognized constitutional right). Here, Appellant does not plead or prove an exception to the one-year jurisdictional time bar. Therefore, we conclude that the PCRA court properly dismissed Appellant's PCRA petition for lack of jurisdiction, not subject to exception.

Moreover, currently on appeal to this Court, Appellant asserts that the jury's verdict was against the sufficiency and weight of the evidence presented at trial because of the results of DNA testing. However, in the underlying *pro se* PCRA petition, Appellant alleged that "his 4th Amendment rights were violated under the United States Constitution when police searched his home without a search warrant, and [] trial counsel fail[ed] to challenge the evidence obtained from the search of his home." PCRA Court Opinion, 7/16/2021, at 11. An appellant waives issues on appeal that he did not raise in the PCRA petition. **See Commonwealth v. Lauro**, 819 A.2d 100, 103-104 (Pa. Super. 2003) (waiving five issues not in original or amended PCRA petition). Further, an appellant cannot raise a subject for the first time on appeal. **See Commonwealth v. Hanford**, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007) (new legal theories cannot be raised for first time on appeal); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot

- 4 -

be raised for the first time on appeal."). As such, Appellant has waived the issues he currently raises on appeal.

Finally, to the extent that Appellant currently argues that DNA results were contrary to the verdict, we previously concluded:

> [Appellant] fil[ed] an "Agreement to Conduct Motion for Post Conviction (DNA) Testing Pursuant to 42 Pa.C.S.A. § 9543.1(B)(1)" [with the PCRA court] on December 14, 2018. He filed an identical document on April 2, 2019. [Appellant] requested DNA testing of certain evidentiary samples that were collected prior to his trial. The samples were listed in a four-page laboratory report that had been admitted into evidence at his trial. The report confirmed that [Appellant's] DNA was a major contributor to a semen sample recovered from the victim's rape kit. However, the report noted that additional samples taken from the victim were not tested for DNA, and [Appellant] argue[d] that testing of these samples would establish his actual innocence. He also sought DNA testing of knives that were recovered from the crime scene, as the testing only confirmed that the samples collected from the knives were not blood.

***Johnson***, 2020 WL 1490941 at *1 (footnotes omitted).

This Court previously determined that Appellant waived his claim for post-conviction DNA testing, but found the issue without merit for the following reasons:

> A petitioner may seek post-conviction DNA testing if, *inter alia*, he sets forth a *prima facie* case that the "identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing." 42 Pa.C.S.A. § 9543.1(c)(3)(i). The identity of the perpetrator was not a key factual issue in this case. The victim was [Appellant's] wife; she immediately identified him as the perpetrator of the hours-long assault, he was arrested at the scene of the assault immediately after it occurred, and the DNA test of the semen sample from the rape kit confirmed that [Appellant] was a major contributor. This is not a case in which DNA testing would be relevant to identify an unknown assailant or

rule [Appellant] out as the perpetrator. Even if [Appellant's] DNA is not recovered from the additional untested samples, this would not prove his actual innocence under the totality of the evidence in this case. ***See Commonwealth v. Heilman***, 867 A.2d 542, 546-547 (Pa. Super. 2005) ("In DNA as in other areas, an absence of evidence is not evidence of absence."). Under these circumstances, [Appellant] has set forth no plausible claim that further DNA testing would establish that he was not the perpetrator of the crime, and the trial court did not err in denying his motion.

***Id.*** at *2. For all of the foregoing reasons, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2021