J-S07024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| V.D. | : | |
| | : | |
| Appellant | : | No. 3401 EDA 2018 |

Appeal from the PCRA Order Entered October 19, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002432-2009

BEFORE:   NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.:                                        Filed: April 16, 2020

Appellant, V.D., appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.   We affirm.

The relevant facts and procedural history of this case are as follows.   In 2003 and 2005, Appellant sexually abused his minor daughter ("Victim"). Following a bench trial, the trial court convicted Appellant on December 13, 2011, of one count each of endangering the welfare of a child, indecent assault of a person less than 13, corruption of minors, simple assault, and reckless endangerment of another person ("REAP").   The court sentenced Appellant on

_____

[*] Retired Senior Judge assigned to the Superior Court.

June 8, 2012, to an aggregate term of seven (7) to fourteen (14) years' incarceration. On June 11, 2014, this Court reversed Appellant's convictions for simple assault and REAP, vacated the sentence for simple assault, and otherwise affirmed the judgment of sentence.[1] *See Commonwealth v. V.D.*, 105 A.3d 30 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 628 Pa. 219, 102 A.3d 984 (2014). Our Supreme Court denied allowance of appeal on October 29, 2014. *Id.*

On July 24, 2015, Appellant timely filed *pro se* his first and current PCRA petition, asserting, *inter alia*, trial counsel rendered ineffective assistance for failing to call potential witnesses and/or elicit additional witness testimony at trial. Appellant attached to his *pro se* petition affidavits of (i) P.M., Appellant's former landlord, who testified at trial, and (ii) P.D., his mother, who did not testify. The PCRA court subsequently appointed counsel, who filed an amended PCRA petition on March 9, 2017. On August 24, 2018, the PCRA court issued notice of its intent to dismiss the petition without a hearing per Pa.R.A.P. 907; Appellant filed a *pro se* response on September 28, 2018. The court denied PCRA relief on October 19, 2018. On Monday, November 19, 2018, Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal per

---

[1] This Court's disposition did not require remand for resentencing because the trial court had imposed a concurrent term of imprisonment for simple assault and no further penalty for REAP.

Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises one issue for our review:

> DID THE PCRA COURT ERR IN DENYING [APPELLANT]'S PCRA PETITION WITHOUT A HEARING, EVEN THOUGH []APPELLANT PLED, AND COULD HAVE PROVEN, CAUSE FOR RELIEF?

(Appellant's Brief at 3).

Appellant argues trial counsel should have called P.D. to testify and elicited additional testimony from P.M. at trial. Appellant submits a hearing was necessary to determine whether the proffered testimony of P.D. and P.M. would have altered the outcome of trial. Appellant concludes this Court should remand for an evidentiary hearing or grant Appellant a new trial.[2] We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d

---

[2] To the extent Appellant asserts trial counsel was ineffective for stipulating to testimony of a certain witness, this particular claim is waived because Appellant failed to include it in his PCRA petition. *See* Pa.R.A.P. 302(a) (stating: "Issues not raised in the [PCRA] court are waived and cannot be raised for the first time on appeal").

74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012). Significantly:

> PCRA hearings are not discovery expeditions, but are conducted when necessary to offer the petitioner an opportunity to prove his explicit assertion of ineffectiveness raising a colorable claim about which there remains an issue of material fact. Particularly when PCRA claims require examination of trial strategy, it is not enough to take a cold record, state alternative choices counsel could have made, and then declare an entitlement to relief. Mere conclusory allegations, without some proffer as to what counsel would say in response to the allegations are insufficient to establish entitlement to relief. Thus a supporting document from counsel stating his reasons for the course chosen is generally necessary to establish potential entitlement to a hearing.
>
> … Although [the Pennsylvania Supreme] Court has dismissed claims of ineffectiveness where appellant has not provided counsel's affidavit, [the Court has] indicated [the Court] may overlook the failure where appellant adequately explains why he did not submit it.

*Commonwealth v. Cousar*, 638 Pa. 171, 192-93, 154 A.3d 287, 299-300 (2017) (internal citations omitted).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). To prevail on a claim of ineffective assistance of counsel, a petitioner bears the burden

to prove his claims by a preponderance of the evidence. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for the asserted action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Id. See also Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999). "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Spotz***, 624 Pa. 4, 34, 84 A.3d 294, 312 (2014) (quoting ***Commonwealth v. Ali***, 608 Pa. 71, 86-87, 10 A.3d 282, 291 (2010)). "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." ***Commonwealth v. Steele***, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was

designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

"Where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests."

*Commonwealth v. Sneed*, 616 Pa. 1, 19, 45 A.3d 1096, 1107 (2012).

A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. A claim of ineffectiveness generally cannot succeed through comparing, in hindsight, the trial strategy employed with alternatives not pursued.

*Id.* at 19-20, 45 A.3d at 1107 (internal citations and quotation marks omitted).

Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [*Kimball, supra*], we held that a criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (internal citations and quotation marks omitted).

[T]o prevail on a claim of ineffectiveness for failing to call a

witness, a [petitioner] must prove, in addition to meeting the three *Pierce* requirements, that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the [witness'] testimony was so prejudicial as to have denied him a fair trial.

*Commonwealth v. Wright*, 599 Pa. 270, 331, 961 A.2d 119, 155 (2008). A petitioner's failure to identify or present potential witnesses is grounds for denial of relief. *Commonwealth v. Treiber*, 632 Pa. 449, 498, 121 A.3d 435, 464 (2015).

To demonstrate…prejudice, a petitioner must show how the uncalled [witness'] testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the [witness'] testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

*Sneed, supra* at 23, 45 A.3d at 1109 (internal citations and quotation marks omitted). *See also Treiber, supra* at 498, 121 A.3d at 463-64 (providing failure to call character witnesses to support defendant's good character does not constitute *per se* ineffectiveness; trial counsel did not render ineffective assistance where counsel had reasonable, strategic basis for not calling character witnesses to testify).

Further, "[t]he threshold inquiry with the admission of evidence is whether the evidence is relevant." *Commonwealth v. Stokes*, 78 A.3d 644, 654 (Pa.Super. 2013), *appeal denied*, 625 Pa. 636, 89 A.3d 661 (2014).

"Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." *Id.* *See also* Pa.R.E. 401 (defining relevant evidence).  Nevertheless, "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Pa.R.E. 403.  *See also Commonwealth v. Cook*, 544 Pa. 361, 676 A.2d 639 (1996), *cert. denied*, 519 U.S. 1119, 117 S.Ct. 967, 136 L.Ed.2d 851 (1997) (holding trial court properly excluded defendant's proffered testimony from four witnesses, that victim owed money to his drug supplier, to support defense theory that Appellant did not commit crimes at issue; proffered evidence was merely speculative and had little to no probative value).

Pennsylvania Rule of Evidence 404 provides in relevant part:

**Rule 404.  Character Evidence; Crimes or Other Acts**

**(a)   Character Evidence.**

*(1)    Prohibited Uses*.  Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

*(2)    Exceptions for a Defendant or Victim in a Criminal Case*.  The following exceptions apply in a criminal case:

(A)    a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the

> prosecutor may offer evidence to rebut it[.]
>
> *    *    *

Pa.R.E. 404(a).

> Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. Such evidence must relate to a period at or about the time the offense was committed…and must be established by testimony of witnesses as to the **community** opinion of the individual in question, not through specific acts or mere rumor. In a [sexual assault] case, evidence of the character of the defendant would be limited to presentation of testimony concerning his general reputation in the community with regard to such traits as non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order.

*Commonwealth v. Lauro*, 819 A.2d 100, 109 (Pa.Super. 2003), *appeal denied*, 574 Pa. 752, 830 A.2d 975 (2003) (internal citations and quotation marks omitted) (emphasis in original).

Instantly, the PCRA court addressed Appellant's ineffectiveness claim, in relevant part, as follows:

> With regard to prospective witness [P.D.] (mother), [Appellant] has provided this [c]ourt with an affidavit with various accountings of family gatherings and things [Appellant] had done for his family. Nothing in the affidavit pertains to the place or time of the incidents giving rise to the instant convictions, but instead simply concludes that [Appellant] was part of a loving family and avers that any suggestion that [Appellant] "would ever do anything to harm either one of his children i[s] ridiculous." As such, the proffered testimony of [P.D.] consists of unrelated events and character assessments, which are prohibited by the Pennsylvania Rules of Evidence, and trial counsel cannot be deemed ineffective for failing to present irrelevant and/or

> inadmissible testimony.
>
> [W]ith regard to [P.M.] (former landlord), [Appellant] provided this [c]ourt with an affidavit stating that [Victim] and her mother had been seen at [Appellant]'s apartment, that [Appellant] had helped repair a sidewalk, and concluding that [Appellant] had a beautiful family. The instant affidavit provides no new or additional information [to] the case because [P.M.] **was called by the defense as a witness at trial** and testified to such facts on December 13, 2011. …
>
>                \*     \*     \*
>
> While the instant affidavit further characterizes [Appellant]'s family as a "beautiful family," such proffered testimony is irrelevant to the incidents giving rise to the instant convictions and would constitute an inadmissible character assessment. As such, trial counsel cannot be deemed ineffective for failing to elicit irrelevant and/or inadmissible testimony from a defense witness called at trial.

(PCRA Court Opinion, filed October 19, 2018, at 7-8, unpaginated) (internal quote from record and footnotes omitted) (emphasis in original). The record supports the PCRA court's rationale. *See Conway, supra*. In his PCRA petition, Appellant did not show: (i) the proposed witnesses' testimony would have been admissible and altered the outcome of trial; and (ii) the absence of the proffered testimony denied Appellant a fair trial. *See Wright, supra*; *Turetsky, supra*. Therefore, Appellant failed to satisfy the general three-pronged ineffectiveness test and the more specific five-pronged test to succeed on a claim of ineffectiveness for failing to call a witness. *See Wright, supra*; *Turetsky, supra*. Additionally, Appellant did not (i) obtain a statement from trial counsel detailing counsel's rationale in not presenting

such witness testimony at trial or (ii) provide an explanation for Appellant's failure to procure such a statement.  ***See Cousar, supra***.  Thus, the court properly denied PCRA relief without a hearing.  ***See Wah, supra***; ***Conway, supra***.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/20